WILLIAM KINGLEY *versus* WILLIAM COUSINS.

The statute of 1848, c. 52, R. S., c. 111, § 1, providing that "no action shall be brought and maintained upon a special contract or promise to pay a debt from which the debtor has been discharged by proceedings under the bankrupt laws of the United States, or the assignment laws of this State, unless such contract or promise be made or contained in some writing signed by the party chargeable thereby," applies to a suit instituted after the passage of the law, but based on a verbal promise made before its passage.

The provisions of the statute relate, not to the validity of the contract, but to the remedy for a breach of it, and are constitutional.

EXCEPTIONS from the ruling of APPLETON, J.

In October, 1839, the plaintiff recovered judgment against the defendant in the District Court for the Eastern District. September 19, 1859, he commenced this action of debt on the judgment. The defendant, in his brief statement, set forth his discharge in bankruptcy in 1843, under the laws of the United States. On trial, it was proved that in 1846, the defendant verbally acknowledged to the plaintiff the debt embraced in the judgment, and promised to pay it.

The Court ruled that such an acknowledgment and promise were not binding, and that the action was not maintainable, and directed a nonsuit to be entered. The plaintiff excepted.

*J. A. Blanchard*, for the plaintiff.

Is the promise made in 1846 binding for more than six years? This action is brought, not on the promise, but on the judgment. The promise is offered as evidence to show that the judgment has not been paid or cancelled by the proceedings in bankruptcy. *Otis* v. *Gaslin*, 31 Maine, 567; *Corliss* v. *Shepherd*, 28 Maine, 551. The new promise revives the debt, prevents any limitation from attaching to it, and places it in the same condition as before the discharge. The judgment of 1839 is therefore in full force for twenty years, which had not expired when this action was brought.

. *A. W. Paine,* for the defendant.

1. A new promise does not revive a specialty or a judg- . ment, although it is held to revive causes of action barred by limitation or bankruptcy in assumpsit. 1 Parsons on Contracts, 30, note (i); *Graham* v. *Hunt,* 8 B. Monroe, 7; Angell on Limitations, § 247. The *dictum* of the Court, in opposition to this doctrine, in *Otis* v. *Gazlin,* 31 Maine, 567, appears to have been made without reflection or examination, and is at variance with the doctrine of *White* v. *Cushing,* 30 Maine, 269, and *Wardwell* v. *Foster,* 31 Maine, 558, as well as with other decisions in this and other States.

2. The parol promise offered in proof was not valid to support this action, commenced thirteen years afterwards, but was itself barred by the statute of limitations.

It was early settled in England, that the new promise was a new contract, though the old contract might still be sued, and the new promise made to support the action. This view was adopted in this country. *Depuy* v. *Sweat,* 3 Ward., 135; *Moore* v. *Viele,* 4 Ward., 420. The Court accordingly declare that bankruptcy discharges the original debt absolutely, and that the new promise is a new cause of action. The same doctrine is law in Vermont. *Walbridge* v. *Hanom,* 18 Vt., 448. It was adopted in Maine. *White* v. *Cushing,* 30 Maine, 267; *Wardwell* v. *Foster,* 31 Maine, 558. These authorities were all overruled in Massachusetts, in *Way* v. *Sperry,* 6 Cush., 238; but this case is inconsistent with the decision in *Cambridge* v. *Littlefield,* 6 Cush., 211, by the same Court at the same term.

The case at bar is within the principles of those in New York, Vermont and Maine, above cited. In bankruptcy, the debt is *paid* by the debtor giving up all his property; it is not merely discharged by presumptive payment, as in cases of limitation. The Courts have therefore held that, after bankruptcy, there must be a distinct, unequivocal promise to pay, in order to sustain an action. *Merriam* v. *Bailey,* 1 Cush., 77; *Pratt* v. *Russell,* 7 Cush., 462; *U. Soc.* v. *Hinckley,* 7

Gray, 460; and cases above cited.    Here it is the *new* promise that gives vitality.

In cases of limitation, only an acknowledgment of indebtedness is required, showing that it is the *old debt* in which the plaintiff's rights are vested.

3. The new promise, when requisite, must be taken according to its terms and conditions.    If to pay "when able," or on any other contingency, it is limited thereby.    It is also limited by the existing provisions of law.    If the plaintiff had given his note for the debt, the note would have been subject to the statute of limitations; why not, then, his verbal promise?

The opinion of the Court was drawn up by

KENT, J. — The facts presented in this case are a judgment in favor of the plaintiff against the defendant, in 1839; a discharge of the defendant in bankruptcy, in 1843; a verbal acknowledgment by the defendant, in 1846, that the debt embraced in the said judgment was due, and a promise, at the same time, to pay it.    This suit was commenced in 1859.

By the Act of 1848, c. 52, (which is in substance reënacted in R. S., c. 111, § 1,) it is provided, that "no action shall be *brought and maintained* upon a special promise or contract to pay a debt from which the debtor has been discharged by proceedings under the bankrupt laws of the United States, or the assignment laws of this State, unless such contract or promise be made or contained in some writing signed by the party chargeable thereby."

In the case of *Spooner* v. *Russell*, 30 Maine, 454, it was decided that this provision was prospective only as to suits, and that it did not apply to *suits* which had been commenced prior to its passage.    This was reäffirmed in *Otis* v. *Gazlin*, 31 Maine, 567.    In *Williams* v. *Robbins*, 32 Maine, 181, in the oral opinion as reported, the Court say, "the conversation relied upon was prior to the Act invalidating new promises in bankruptcy cases, except those made in writing."    The report in that case does not show when the action was commenced; but on

referring to the writ on file, it appears to have been dated in 1845, prior to the passage of the Act.

The point presented upon the facts in all the above cases, was, whether the statute, by a fair interpretation, did in its terms embrace suits pending. It was not whether the Legislature could constitutionally pass a law embracing them, but whether it had passed such a law, in fact. The Court decided that it was not clear that such suits were included in the provision, "that no action shall be *brought* and maintained," and therefore held that the Act did not apply to pending suits.

This case presents the question, whether the provision reaches those cases on suits which are instituted after the passage of the law, based upon a verbal promise made before its passage. This point has not been decided by the Court.

It is quite clear that the case is covered by this statute, which bars all actions brought upon a verbal promise, whenever and wherever made, and declares that no such action shall be maintained. This is such an action. The only question is, whether the provision, so far as it applies to verbal promises made before its passage, is unconstitutional. It is contended that it is, on the ground that it impairs the validity of a contract. The Act does not, in terms, declare the contract void, nor does it affect, in any way, the original debt or judgment. It simply gives a rule of evidence as to the proof of a new promise to revive the old debt; or, in other words, declares that the law will furnish no remedy to enforce such a promise, unless it is in writing. The law has relation to the remedy, and not to the validity of the contract.

After many discussions and decisions in the Courts of the United States and of the several States, it seems now to be well settled that the Legislature cannot constitutionally pass any retrospective laws, general or special, which affect the validity, construction or discharge of contracts, but may constitutionally pass such laws, which affect only the remedy to enforce or the evidence to establish them.

It is well said by SHEPLEY, J., in *Oriental Bank* v. *Freese*,

Kingley *v.* Cousins.

18 Maine, 112, that " when a person, by the existing laws, becomes entitled to recover a judgment or to have certain real or personal estate applied to pay his debt, he is apt to regard the privileges which the law affords him as a vested right, not considering that it has its foundation only in the remedy, which may be changed, and the privilege thereby destroyed."

" There is no such thing as a vested right to a particular remedy." *Springfield* v. *County Com.*, 6 Pick., 501.

The provision in the constitution of the United States, by which States are prohibited from passing any laws impairing the obligation of contracts, does not imply a prohibition against varying the remedy.

Obligation and remedy are not identical. The obligation begins when the contract is made, and attaches to it. The remedy to enforce it, or to recover damages for its breach, is subsequent in time, and depends upon the law which may be in force at the time and place of instituting the action. *Ogden* v. *Saunders*, 12 Wheat., 350.

In the same case, C. J. MARSHALL says, that, " in prescribing the evidence which shall be received in its courts, and the effect of that evidence, the State exercises its acknowledged powers. It is likewise in the exercise of its legitimate powers, when it is regulating the remedy and the mode of proceeding in courts."

In the case of *Thayer* v. *Seavey*, 2 Fairfield, (11 Maine R.,) 284, the Court, after a full discussion, decided, that an Act of the Legislature, which provided that no action should thereafterwards be *maintained* to recover damages for an escape of an imprisoned debtor, except a special action of the case, operated upon an action then pending, and that it was not unconstitutional on the ground of its operating retrospectively, or disturbing vested rights; although its effect was to deprive the plaintiff of his right to recover his whole debt and costs, to which, by the existing law, when that suit was commenced, he was entitled.

The distinction between obligation and remedy is clearly pointed out in *Fales* v. *Wadsworth*, 23 Maine, 553. The

Court say, "no person has a vested right in a mere mode of redress provided by statute. The Legislature may at any time repeal or modify such laws. They may prescribe the number of witnesses which shall be necessary to establish a fact in court, and may again, at pleasure, modify or repeal such law. And so they may prescribe what shall, and what shall not be evidence of a fact, whether it be in writing or oral; and it makes no difference, whether it be in reference to contracts existing at the time or prospectively."

The same doctrine is found in the case of *Oriental Bank* v. *Freese,* 18 Maine, before cited.

The case of *Lord* v. *Chadbourn,* 42 Maine, 441, involved the construction of the provision of the statute, that no action of any kind should be *maintained* in any Court of this State for intoxicating liquors. The conclusion is, "that the Legislature may pass laws altering, or modifying, or even taking away remedies for the recovery of debts, without incurring a violation of the provisions of the constitution, which forbids the passage of *ex post facto laws.*"

There are other cases in this State and Massachusetts which contain the same principle.

In the case before us, whether we regard the provision of the statute as one prescribing the kind of evidence necessary to establish a fact in Court, or as one affecting the remedy on the new promise, we cannot declare the provisions unconstitutional. It was the manifest intention of the Legislature to include in the provision a case like this.

*Exceptions overruled and*
*Nonsuit to stand.*

TENNEY, C. J., and RICE, APPLETON, CUTTING, and MAY, JJ., concurred.