Myers v. Wheelock.

JOHN E. MYERS *et al.* v: A. C. WHEELOCK.

**No. 11297.**

1. MORTGAGES — *Assignment Act Held Valid.* The act providing for the recording of assignments of real-estate mortgages and the release of the same by assignees, and providing penalties for failing to record such assignments, and in which is a provision that if assignments of existing mortgages be not recorded within six months after the taking effect of the act they shall not be received against the mortgagor in any court of the state (Laws 1897, ch. 160), does not impair the obligation of contracts and is not invalid.

2. ———— *Assignment Act Construed.* The penalty of the statute is the inhibition of the use of the non recorded assignment as evidence, and not the annulment of the mortgage, nor the destruction of the mortgage lien.

3. ———— *Agreed Statement of Facts Construed.* In this action to foreclose a mortgage the case was tried on an agreed statement of facts, in which it was stipulated that the mortgage was not assigned to the plaintiff within six months after the passage of the act, but it was further stipulated that the mortgage was actually assigned to the plaintiff, and that he was the owner thereof. *Held*, that the defendants were not concluded by the admissions as to the assignments and ownership of the mortgage, and that these facts were not established by the stipulation. (JOHNSTON, J., dissenting.)

Error from Wyandotte district court; HENRY L. ALDEN, judge. Opinion filed July 8, 1899. Reversed.

*T. P. Anderson*, and *Nathan Cree*, for plaintiffs in error.

*Cook & Gossett*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J : A. C. Wheelock brought an action against John E. Myers and Augusta M. Myers to recover upon a promissory note on which there was due the sum of $2533 and to foreclose a mortgage on land, given by Myers and wife to the Rickert Invest-

ment Company to secure the same, and which was dated April 4, 1889. The petition alleged the execution of the note and coupons, as well as the mortgage securing the debt, the assignment and transfer of the same to the plaintiff on May 29, 1889, and that the plaintiff was the present owner and holder thereof. There was also an allegation that the assignment of the mortgage to Wheelock was duly recorded. The defense set up in the answer was that the assignment of the mortgage had not been recorded as required by chapter 160, Laws of 1897, and asked that it be adjudged that the mortgage was not a lien upon the property, and that the same be discharged and canceled. The case was submitted to the court upon an agreed statement of facts, which is as follows :

"It is agreed that the allegations of plaintiff's petition are true, but that the assignment of the mortgage alleged in plaintiff's petition was filed for record in the office of the register of deeds of Wyandotte county, Kansas, on January 10, 1898, and not at any other time ; that plaintiff ever since the time of purchasing the note sued on, and then, was a non-resident of Kansas ; that the allegations of payment in the defendant's answer are not true, but the allegations therein as to the time of filing for record of the aforesaid assignment are true, and this action was commenced January 11, 1898."

Upon this stipulation judgment was rendered for plaintiff, and the defendants below complain and insist that the failure to record the assignment of the mortgage to plaintiff within six months after the passage of the act of 1897 is a complete defense against the recovery of the debt and the foreclosure of the mortgage.

The challenge of jurisdiction because of the absence of parties cannot be sustained, as it appears that all

of the parties to be affected by the decision of the court are before us.

Questions as to the effect and validity of chapter 160, Laws of 1897, which provides for recording assignments of real-estate mortgages and prescribes penalties for failing to do so, are presented, and the determination of these, it is claimed, are necessarily involved. The statute, after requiring the acknowledgment and recording of such assignments, in section 4, provides that "no assignment of mortgage shall be received against the mortgagor, his heirs, personal representatives, or assigns, in any court of this state unless the same shall have been acknowledged and recorded as herein provided." In section 6 of the act there is a provision that assignments of existing mortgages, bearing date prior to the taking effect of the act, shall be recorded within six months after the act goes into effect, and that the provisions of section 4 shall be applicable to all assignments not so recorded. As will be observed, the penalty prescribed for failure to record is the inhibition of the use of the assignment as evidence against the mortgagor, his heirs, personal representatives, or assigns. It is not, as apparently contended, the annulment of the mortgage nor the destruction of the mortgage lien. The provision that the assignment shall not be received in any court means no more than that it shall not be received in evidence, as that is the only purpose for which it would be offered or received in court. Instead of prescribing that the non-record of the transfer shall extinguish the mortgage lien, it simply made the unrecorded assignment wholly valueless as proof to establish the ownership of the mortgage ; and other provisions of the act unite in indicating this to have been the legislative purpose.

A question is raised whether under the agreed facts proof of the assignment was necessary to a recovery. On one side it is contended that the mortgagors, having solemnly admitted the assignment of the mortgage to Wheelock and that he was the owner thereof, are estopped to deny the truth of the admission, or to contest further the ownership of the mortgage. On the other side the contention is that the admission of the fact that the assignment was not recorded within six months after the passage of the act had the effect of destroying the validity of the assignment as proof of ownership; and being as a matter of law nugatory as evidence, the court could not consider the admitted transfer and ownership merely because the fact of assignment and ownership was included in an agreed statement of facts. The majority of the court hold that the mortgagors are not concluded by the agreed facts, and that Wheelock was still required to prove the assignment and ownership of the mortgage. The agreed facts are regarded to have no other function or any greater force than evidence, and since the invalidity of the evidence was conceded the court could not make it the basis of a recovery.

The writer is unable to agree with his associates in this view. In his opinion, the agreed facts are more than a statement of evidence from which inferences of fact are to be drawn. They are the ultimate and only facts in the case, and the sole duty of the court was to apply the law and determine the rights of parties as would have been done from findings of fact made by a jury. The assignment of the mortgage being distinctly stipulated and agreed on, why should it not be treated as an ultimate and governing fact? While the statute prohibits the receipt of the assignment in evidence, it does not prohibit parties from

agreeing that the assignment was in fact made and that plaintiff is in fact the owner and holder of the mortgage. In this action we have all the parties connected with the mortgage, including the original mortgagee, and why then is a stipulation in the action that the mortgage was duly assigned not permissible and also binding upon the parties ? To the writer it seems that the assignment and ownership of the mortgage were as much established facts as if they had been admitted in the pleadings ; and if distinctly admitted in the answer would proof of them have been essential to a recovery ? The fact of ownership being established, the mortgagors were fully protected from any claim thereon by the original payee of the mortgage, and from all danger of being required to pay it a second time. The assignment, it is true, cannot be received in evidence, but if the plaintiff can make out his case without such evidence it is difficult to understand why he is not entitled to a recovery. All the facts being agreed upon, including the transfer and ownership, nothing remained for the court but to render judgment on the admitted facts, and it appears to the writer that judgment was rightly given. However, the court has determined that the agreed facts did not warrant a recovery, and the judgment must therefore be reversed, unless the statute be held invalid.

On behalf of the defendant in error, it is said that if the statute be so interpreted that it takes away the right of an assignee to enforce a mortgage which he owned when the act was passed, it impairs the obligation of a contract. He claims that when the law was enacted the mortgagors were bound to him in a complete contract the obligation of which was that they would pay him the debt on a fixed day, and if

not, that certain real estate should be sold and the proceeds applied in payment of the debt. It is conceded that recording acts may be passed which will affect and invalidate the existing contracts of those who neglect to conform to the requirements of such acts. It is well settled that limitation laws may also be enacted which likewise affect existing contracts, but neither of these classes of laws is repugnant to either the federal or state constitution if a reasonable time be afforded parties to assert or protect their rights before the law takes effect. Here the assignees of existing mortgages were given six months in which to place their assignments on record, and this, considering the purposes of the act and the circumstances of its observance, is deemed to be a reasonable time. It is in its nature a conditional limitation which contingently restricts the rights of parties, and may in certain cases cut off all remedy, but at the same time it affords opportunity for the protection of all existing rights and leaves a substantial remedy to parties holding mortgages, and therefore is not open to the constitutional objections urged against it. In a recent case, decided by the supreme court of Indiana, it was said :

"Limitation laws which operate on subsisting contracts, and laws which regulate the registration of existing conveyances or instruments affecting titles to lands, are within the operation of this rule when a reasonable time is given within which the effect of such a statute, as applied to existing conveyances, may be avoided and rendered harmless in respect to vested rights." (*The Connecticut Mutual Life Ins. Co. v. Talbot et al.*, 113 Ind. 373, 14 N. E. 586.)

As tending to support the validity of the act, the following cases are cited : *Wahlgren v. Kansas City*, 42 Kan. 243, 21 Pac. 1068 ; *Turner v. New York*, 168

U. S. 90, 18 Sup. Ct. 38 ; *Tarpley v. Hamer et al.*, 9 Sm. & M. (Miss.) 310 ; *Watson v. Doherty*, 56 Miss. 628 ; *Vance v. Vance*, 108 U. S. 514, 2 Sup. Ct. 854 ; *Terry v. Anderson*, 96 U. S. 628 ; *Kenyon v. Stewart*, 44 Pa. St. 179 ; *People v. Turner*, 117 N. Y. 227, 22 N. E. 1022 ; *Tucker v. Harris*, 13 Ga. 1 ; *Boston & Gunby v. Cummins, Claimant*, 16 Ga. 102 ; *Salmon v. Huff*, 28 S. W. (Tex. Civ. App.) 1044 ; *Kingley v. Cousins*, 47 Me. 91 ; *Relyea v. Tomahawk Pulp and Paper Co.*, 78 N. W. (Wis.) 413.

The act being valid, it follows that the judgment of the district court must be reversed, and the cause remanded for further proceedings.

Doster, C. J., and Smith, J., concurring.

Johnston, J., dissenting from third paragraph of the syllabus and corresponding portion of the opinion.