O. D. BURT et al. v. DAVID H. MOORE et al.

No. 11,838.   (64 Pac. 57.)

MORTGAGE—*Effect of Failure to Record Assignment.* The failure of the assignee of a mortgage to have the assignment to him acknowledged and recorded, as required by chapter 160 of the Laws of 1897 (Gen. Stat. 1897, ch. 119, §§ 18–24), does not annul the mortgage nor destroy the mortgage lien, but only precludes the introduction of such assignment as evidence in any court of the state; and where parties to a foreclosure proceeding stipulate that plaintiff, an assignee of a mortgage, is entitled to a judgment, unless the plaintiff's failure to have the assignment of the mortgage recorded defeats his right to a foreclosure, a judgment of foreclosure should be awarded.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. McELROY, judges. Opinion filed March 9, 1901. *In banc.* Affirmed.

*For opinion by the court of appeals, see 10 Kan. App.—, 61 Pac. 332.—REP.

Burt v. Moore.

*Moore & Berger*, for plaintiffs in error.

*T. P. Anderson*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action by David H. Moore to recover on two promissory notes executed by C. S. Mendenhall and Rebecca R. Mendenhall and to foreclose a mortgage on real estate given by them to secure the payment of the notes. The notes and mortgage were executed on August 1, 1889, in favor of Oliver R. Burnham, who executed a blank assignment of the mortgage on November 29, 1890, and delivered it and the notes to the Husted Investment Company. Soon afterward that company transferred and delivered the notes and mortgage to David H. Moore, at which time Burnham executed a formal assignment of each note and coupon to Moore. On February 11, 1890, the Mendenhalls conveyed their interest in the mortgaged property to Nellie S. Boylan, and on January 13, 1892, she conveyed it to the Kansas Real Estate Company, and that company in turn conveyed the property to L. R. Piper, on May 17, 1892, and Piper conveyed it to O. D. Burt and W. H. Bridgens, on September 20, 1897.

This proceeding was begun on March 1, 1894, and on June 24, 1895, a judgment was obtained against the Mendenhalls for $1761.27, and also for a foreclosure of the mortgage lien. As service had not been obtained on the defendant Piper the case was continued for service on him, and on February 1, 1898, after Piper had conveyed the property to Burt and Bridgens, an amended and supplemental petition was filed by Moore, making Burt and Bridgens parties, and asking for a foreclosure as against them. They answered

that the mortgage of Moore was not a lien on the property because he had failed and neglected to have the assignment of the mortgage recorded in the manner required by chapter 160 of the Laws of 1897. (Gen. Stat. 1897, ch. 119, §§ 18–24.) The case was submitted upon an agreed statement of facts, which showed, as hereinbefore stated, that the assignment of the mortgage made by Burnham on February 29, 1890, was formal in every respect, except that the name of the assignee was not inserted. It was duly acknowledged, but it was never filed in the office of the register of deeds or recorded until January 27, 1898. About January 1, 1898, the Husted Investment Company agreed that it would obtain a new assignment of the mortgage to be executed by Burnham, and in pursuance of that agreement the company obtained another assignment by Burnham, which was in proper form and duly acknowledged, and which was duly recorded on January 27, 1898. In his petition Moore set up his ownership, the written assignment of the mortgage, and the written indorsements and transfers of the notes and coupons; and of these averments there was no verified denial. The pleadings and agreed facts fairly show possession and ownership of the notes and mortgage by Moore, but, aside from the conceded facts which have been stated, the parties made the following stipulation:

"It is also further agreed that the only question in issue or dispute in this case is as to the effect upon the plaintiff's right to maintain his action and foreclosure of the mortgage, set up in his amended and supplemental petition, of his failure to have the assignment of said mortgage, bearing date of the 29th of November, A. D. 1890, filed for record in the office of the register of deeds of Wyandotte county, Kansas, on or before the 12th day of September, 1897, or

within six months from March 12, 1897, it being agreed that if the plaintiff's failure ·to have said assignment of said mortgage filed for record in said office on or before said date defeats the plaintiff's right to foreclose said mortgage as to the defendants Burt and Bridgens, then and in such case the judgment of the court should be for them·; but if the plaintiff's failure to have said assignment filed for record on or before said date, under the facts and circumstances as set forth in the foregoing agreed statement of the facts, does not defeat the plaintiff's right to foreclose said mortgage as to the defendants Burt and Bridgens, then the plaintiff should have judgment against the defendants, as prayed for in the amended and supplemental petition."

In effect, this is a stipulation that Moore is entitled to a judgment of foreclosure unless the failure to have the assignment of the mortgage filed for record within six months after the act requiring the recording of such assignments took effect—that is, on or before September 12, 1897—defeats his right to maintain the action. It was not recorded until a later time, nor until after Burt and Bridgens had purchased the property ; and they now contend that, under the case of *Myers v. Wheelock*, 60 Kan. 747, 57 Pac. 956, no foreclosure can be had. The present case is distinguishable from the one cited. Here, there is no lack of facts or absence of proof to establish the plaintiff's right of action, as there was in that case. It is stipulated that there is no dispute between the parties here on any of the issues made by the pleadings, except as to the effect of the failure to record the assignment of the mortgage within the statutory period, and that if that circumstance does not defeat Moore's right to maintain the action he should have a judgment of foreclosure against Burt and Bridgens, as prayed for in the petition. Every essential fact was therefore conceded,

and nothing was left for the determination of the trial court except the question of law as to the consequence of the failure to record the assignment within the allotted time. It was decided in *Myers v. Wheelock,* supra, that such failure or neglect did not invalidate the mortgage or extinguish the mortgage lien.

The only penalty prescribed in the act is that if an assignment is not acknowledged and recorded as therein provided, it shall not be received in evidence in any court of the state. It was not within the constitutional power of the legislature, nor did it attempt, to annul the mortgage or to destroy the mortgage lien. The mortgage continues in existence and remains enforceable notwithstanding the statute; and the lien and right to enforce the same may be established by any competent proof; but the transfer to and ownership of an assignee cannot be shown by an unrecorded assignment. While such an assignment is wholly valueless as proof, the ownership of the mortgage may be admitted by the defendants or other parties interested, or it may be shown by any legal or competent evidence. The failure to have the assignment acknowledged and recorded effectually bars its use as evidence, but when a case can be made out or is established without such evidence a judgment of foreclosure should be given. In the present case the stipulation of the parties entitled the plaintiff below to a foreclosure, and therefore the judgments of the district court and of the court of appeals will be affirmed.