## A. C. WHEELOCK v. JOHN E. MYERS *et al.*

### No. 11,941.  ( 67 Pac. 632.)

. SYLLABUS BY THE COURT.                   -

1. MORTGAGES—*Recording Assignment—Review of Foreclosure Proceeding—Effect of Repeal of Statute.* At the time of the trial and judgment in a foreclosure suit in the district court a statute was in force providing that an unrecorded assignment of a mortgage, or an assignment recorded after a certain date, could not be received in evidence against the mortgagor. Pending proceedings in error in the supreme court to reverse said judgment, the law was repealed without a saving clause. The judgment of the court below was reversed with directions to enter judgment for the defendants ( the mortgagors ) in accordance with the views expressed in the opinion. *Held*, that this court in deciding the case reviewed only such assigned errors as were alleged to have been committed by the court below, and that it did not and could not consider the effect of the repealing act on the rights of the parties. The judgment of the lower court must be tested by the law existing at the time of the trial.

2. ——— *Erroneous Judgment on Mandate after Repeal of Statute.* A judgment rendered for the plaintiff on an agreed statement of facts was reversed by this court with directions to the trial court to enter judgment in accordance with the views expressed in the opinion in favor of defendants. The reversal was had because the court below had not given effect to a statute which made an unrecorded assignment of a mortgage inadmissible as evidence against certain mortgagors (the defendants). Pending the proceedings in error the statute was repealed. *Held*, that the court below erred in entering judgment in favor of the defendants on the mandate of this court after the repeal of the statute.

3. EVIDENCE—*Statutory Rule Repealed—Saving Clause Construed.* The general saving clause, found in section 7342, General Statutes of 1901, providing that the repeal of a statute does not affect a right accrued, duty imposed, penalty incurred or proceeding commenced under the statute repealed, does not save to a party the right to try a pending cause under a rule of evidence established by a repealed statute.

4. EVIDENCE—*Vested Right—Case Followed.* A party can have no vested right in a rule of evidence. The case of *Sanders v. Greenstreet*, 23 Kan. 425, followed.

Wheelock v. Myers.

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed January 11, 1902. Reversed.

*Cook & Gossett*, for plaintiff in error.
*Nathan Cree*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: This was an action brought by A. C. Wheelock against John E. and Augusta Myers to recover the amount of a promissory note on which there was due a sum exceeding $2000, and to foreclose a mortgage on land given by Myers and wife to the Rickert Investment Company. The mortgage and note were dated April 24, 1889. There was an allegation in the petition that the assignment of the mortgage to Wheelock was duly recorded. The defense set up in the answer was that the assignment of the mortgage had not been recorded as required by chapter 160 of the Laws of 1897.

An agreed statement of facts was signed by both parties, as follows:

"It is agreed that the allegations of plaintiff's petition are true, but that the assignment of the mortgage alleged in plaintiff's petition was filed for record in the office of the register of deeds of Wyandotte county, Kansas, on January 10, 1898, and not at any other time; that plaintiff ever since the time of purchase of note sued on, and then, was a non-resident of Kansas; that the allegations of payment in defendant's answer contained are not true, but that the allegation thereof as to time of filing for record of the aforesaid assignment of mortgage is correct and true, and this action was commenced January 11, 1898."

On the first trial of the cause, in June, 1898, judgment was rendered in the district court in favor of

the plaintiff below, Wheelock, against Myers and wife, and a decree entered foreclosing the mortgage. This judgment was reviewed by proceedings in error in this court brought by Myers and wife, and the judgment of the court below reversed at the July term, 1899. (*Myers v. Wheelock*, 60 Kan. 747, 57 Pac. 956.)

Said chapter 160 of the Laws of 1897, which went into force March 12, 1897, provided that assignments of mortgages existing at the time the act went into effect should be recorded within six months thereafter, and that section 4 of the act should be applicable to all assignments not so recorded. Section 4 provided that no assignment of a mortgage should be received against the mortgagor, his heirs, personal representative or his assigns in any court of this state unless the same should have been acknowledged and recorded as therein provided.

This court held that the agreed statement of facts was evidentiary in character and had no greater force than the testimony of a witness concerning the matters contained in it; and that the assignment of the mortgage to Wheelock not having been filed for record in the office of the register of deeds of Wyandotte county, where the mortgaged property was situated, within six months after the taking effect of the act of 1897, a recovery by the assignee of the mortgage could not be had.

While the proceedings in error were pending in this court, and on March 15, 1899, chapter 160 of the Laws of 1897, above referred to, was repealed by chapter 168 of the Laws of 1899 (Gen. Stat. 1901, §§ 4234–4239), without a saving clause. By this last act all assignments of mortgages bearing date prior to its taking effect were required to be recorded within four months thereafter, whether such assignments were

acknowledged or not. A failure to record such as-signments gave the mortgagor, his heirs, personal representatives, or assigns, a complete defense to any action on such mortgage or note to the extent of pay-ments made to the original mortgagee without knowl-edge on the part of the mortgagor of an assignment of the mortgage. It will be seen that a radical change was made by the law of 1899.

The judgment of the district court was reversed and the cause remanded for further proceedings in accord-ance with the views of the court, set forth in its writ-ten opinion. The mandate was placed on the records of the district court and the judgment for Wheelock vacated. Thereafter, and in April, 1900, another trial was had on the pleadings and agreed statement of facts above set out and judgment rendered in favor of the defendants below, Myers and wife, against Wheelock, the plaintiff, and a foreclosure of the mort-gage denied. From this judgment proceedings in error have been prosecuted by Wheelock, the assignee of the Rickert Investment Company. It is contended by counsel for plaintiff in error that the case we are now considering should have been tried in the court be-low and the rights of the parties determined under the provisions of chapter 168 of the Laws of 1899, above referred to, and that chapter 160 of the Laws of 1897 having been repealed after the first trial, its provisions could have no application in the last trial of the cause, the record of which is now before us.

We think that this contention of counsel is sound. The change in the law resulted in a change of the rules of evidence merely. Under the law of 1897 the failure to record the assignment of the mortgage ex-cluded it from consideration by the court as evidence in the cause against the mortgagor. Under the law

of 1899 a non-recorded assignment of a mortgage is admissible in evidence, but unless it is recorded within the time specified by the act all payments made by the mortgagor must be credited to him, although the assignee never received such payments. In *Myers v. Wheelock*, supra, in passing upon the law of 1897, it was said :

"As will be observed, the penalty prescribed for failure to record is the inhibition of the use of the assignment as evidence against the mortgagor, his heirs, personal representatives, or assigns. It is not, as apparently contended, the annulment of the mortgage nor the destruction of the mortgage lien. The provision that the assignment shall not be received in any court means no more than that it shall not be received in evidence, as that is the only purpose for which it would be offered or received in court. Instead of prescribing that the non-record of the transfer shall extinguish the mortgage lien, it simply made the unrecorded assignment wholly valueless as proof to establish the ownership of the mortgage, and other provisions of the act unite in indicating this to have been the legislative purpose."

A party can have no vested right in a mere rule of evidence, and such rules, affecting, as they do, only the remedy, the legislature may modify them. ( *Sanders v. Greenstreet*, 23 Kan. 425 ; 6 A. & E. Encycl. of L., 2d ed., 950 ; *John v. Bridgman*, 27 Ohio St. 22 ; *Rich v. Flanders*, 39 N. H. 304.) The bar of the statute of limitations may be removed, although complete before the act removing it was passed. ( *Campbell v. Holt*, 115 U. S. 620, 6 Sup. Ct. 209, 29 L. Ed. 483.)

Counsel for defendants in error insists that because chapter 168 of the Laws of 1899 (Gen. Stat. 1901, §§ 4234–4239) was in force when the proceedings in error from the former judgment were heard and determined in this court, the effect of the same was

considered, or might have been considered, when the first judgment was reversed, and, being reversed with directions, that the court below was bound to enter judgment for his clients on the mandate. He invokes the doctrine that the first decision of a court is the law of the case on all questions presented by the record and on all questions necessarily involved in the decision. We agree with him on this last proposition. It was so decided in *Headley v. Challiss*, 15 Kan. 602. It has no application, however, to the question now under discussion. In deciding·the case the first time we were reviewing the assigned errors which it was alleged had been committed by the trial court. This is a court of review. When the case was first tried the law of 1899 had not been passed. This court looked into the record, and not beyond it, to ascertain whether the court below had rightly applied the law. The judgment of the trial court rendered in 1898 must be tested by the law as it then existed. (*Wright v. Graham*, 42 Ark. 140; *Murphy et al. v. Harbison*, 29 id. 340; *Parmelee et al. v. Lawrence*, 48 Ill. 331, 344.)

Counsel for defendants in error cite Cooley on Constitutional Limitations, where it is stated that "if a cause is appealed and pending the appeal the law is changed, the appellate court must dispose of the cause under the law in force when their decision is rendered." The authorities cited to support this rule, except one, are criminal cases, or cases where a penalty incurred under a violated law was removed after an appeal. In *United States v. Schooner Peggy*, 1 Cranch, 103, 2 L. Ed. 49, cited by counsel, a vessel was captured as a prize from the French republic and she was condemned as such in the district court. Pending an appeal to the supreme court a treaty was entered into between the United States and the French

republic by which all such captured property was agreed to be restored without delay. This treaty was held binding on the appellate court. The decision was based upon the ground that matters of great national concern were involved, to which individual rights must be sacrificed for national purposes. Here the law enacted after the cause had been tried below and before the cause was first heard in this court changed a rule of evidence which prevailed when the judgment was rendered. It differs materially from a law affecting vested rights or a law removing the punishment for a criminal act or denying the right to recover a penalty imposed.

Again, it is contended that the trial court should have entered judgment on the pleadings and agreed statement of facts in favor of Myers and wife, the mortgagors, under the direction of this court to the district court. In the case of *McDonald v. Swisher*, 60 Kan. 610, 57 Pac. 507, a judgment of the trial court was reversed here and the cause remanded for further proceedings, as was done in this cause when it was here before. There were findings of fact and conclusions of law. It was held that after the discovery of important evidence, compelling a second trial on a new and different theory from the first, the court did not err in hearing such evidence and proceeding with a second trial of the cause notwithstanding the directions of the mandate. If the discovery of important evidence will justify a retrial of a cause after a reversal in this court with directions, the reason for another trial is much stronger when the legislature has intervened and changed a rule of evidence, compelling a consideration of the case under circumstances entirely different from those surrounding it when it was first decided.

The saving clause in the fourth section of chapter 155 of the Laws of 1899 (Gen. Stat. 1901, § 4243) does not help the defendants in error.   While it went into effect on the same date with chapter 168, above referred to, its purpose is to legalize defective assignments of mortgages theretofore made.   Chapter 168 has relation to the effect of payments made by mortgagors to original mortgagees who have assigned their mortgages but who have not recorded the assignments. The two acts are not *in pari materia.*   ''Nor is an act *in pari materia* though it may incidentally refer to the same subject, if its scope and aim are distinct and unconnected.''    (Suth. Stat. Con. § 286.)

Counsel for defendants in error contends that the general saving clause found in section 7342 of the General Statutes of 1901 preserves to his clients all the rights they had under the repealed law of 1897. That part of the section relied on reads :   ''The repeal of a statute   .  .  .   does not affect any right accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under and by virtue of the statute repealed.''    As we have shown, the defendants below had no accrued and fixed right in a rule of evidence.   While in the opinion in *Myers v. Wheelock,* supra, the effect of the law of 1897 on the assignee of a mortgage, in preventing him from using his unrecorded assignment as evidence, was referred to as a penalty, yet the word was not there used in its technical or statutory sense.   For a discussion of the meaning of the word ''penalty,'' see *A . T. & S. F. Rld. Co. v. The State,* 22 Kan. 1.   Laying a party under disability by a rule of evidence· is not a penalty. Nor do we think that the trial court was bound to apply the rules of evidence prescribed in the repealed law because the statute quoted from above saves

"proceedings commenced" from being affected by a repealing act.

A rule of evidence not in existence when the mortgage was executed was established afterward by the legislature, and its application was favorable to defendants in error. We held, in *Myers v. Wheelock*, supra, that by invoking it they should have succeeded in resisting a decree foreclosing the mortgage on the first trial of the cause. After that trial this rule of evidence was abrogated and the *status* of the parties left as it was when the note secured by the mortgage was given and when it matured.

Could it be said that a law passed making a wife a competent witness for her husband, and repealing section 4771, General Statutes of 1901, would be inapplicable to pending actions for the reason that it affected a "proceeding commenced"? If a repealed statute relating to the competency of witnesses must remain in force and be applied to cases begun before its repeal, we might see a court trying causes of the same nature at the same term under different rules of evidence, the difference depending on the time when the actions were commenced. We are clear that the court below erred in refusing to enter judgment in favor of the plaintiff in error on the agreed statement of facts.

The judgment of the district court will be reversed, with directions to render such judgment, together with a decree foreclosing the mortgage.

DOSTER, C. J., JOHNSTON, GREENE, J.J., concurring.