KNIGHTS OF THE MACCABEES OF THE WORLD v. LOUISE NITSCH.

FILED JUNE 3, 1903. No. 12,897.

1. **Fraternal Beneficiary Associations: STATUTE.** Section 112, chapter 43, Compiled Statutes, applies to fraternal beneficiary associations organized under the laws of other states, as well as to those organized under the laws of this state.

2. ———: ———. OBLIGATION OF CONTRACTS. The provision in said section that before any amendment to or alteration in the constitution or by-laws of such an association shall take effect or be in force a copy of the amendment or alteration, duly certified, must be filed with the auditor of public accounts, is not unconstitutional, as impairing the obligation of contracts, when applied to a benefit certificate issued prior to the statute and expressly subject to all future changes in or amendments to the by-laws of the association.

ERROR to the district court for Hall county: JAMES N. PAUL, DISTRICT JUDGE. *Affirmed.*

*Adolphus R. Talbot* and *Thomas S. Allen,* for plaintiff in error.

*William H. Thompson* and *W. H. Platt, contra.*

POUND, C.

One August C. Nitsch became a member of the Knights of the Maccabees of the World, a fraternal beneficiary association organized under the laws of another state, but duly authorized to do business in this state, and as such member received a benefit certificate providing for the payment of certain sums to his wife in case of his death.   He became a member and received his certificate in the year 1892.   He died in 1902, and this suit is brought by his widow, as beneficiary, to recover upon the certificate.   The defendant sets up a violation of a by-law of the association wherein it is provided, that in case a member shall commit suicide, whether sane or insane, his certificate shall be forfeited.   At the time Nitsch became a member, the provision in question was not contained in the by-laws of the association.   There was a provision, however, that the certificate should be subject to any and all amendments to or alterations of the constitution or by-laws of the society thereafter to be made.   From time to time, a number of successive amendments to the by-laws were adopted providing that if the holder of the certificate should commit suicide, whether sane or insane, within a certain

period after the issuance of the certificate, such certificate should be forfeited. Finally, the amendment now relied upon was adopted, whereby it was provided that suicide, sane or insane, at any time should be ground for forfeiture. None of the prior amendments are available by way of defense in the present case, for the reason that all of them prescribed a period less than that which had elapsed from the issuance of the certificate at the time Nitsch committed suicide. The amendment set up in the answer of the defendant and now relied upon was adopted subsequent to section 112, chapter 43, Compiled Statutes (Annotated Statutes, 6504), and it appears affirmatively from the pleadings that no copy thereof was filed with the auditor of public accounts as required by said section. Upon this ground the trial court held that said by-law was not available to the association as a defense and rendered judgment for the plaintiff.

We think the ruling of the trial court was correct. It is urged on behalf of the defendant that said section does not apply to fraternal beneficiary associations organized under the laws of other states, but has reference only to those organized under the laws of this state, pursuant to section 110 of said chapter 43; and that even if such section properly construed does apply to societies organized under the laws of other states, the provision that before any amendment to or alteration in the constitution or by-laws of such an association shall take effect or be in force, a copy of the amendment or alteration, duly certified, must be filed with the auditor of public accounts, is unconstitutional as impairing the obligation of contracts, when applied to a benefit certificate issued prior to the statute and expressly subject to all future changes or amendments. Neither of these contentions is well founded. Said section 112 expressly refers to "every such society." If we take this to refer to the societies last mentioned in the act it clearly embraces all organizations of the kind doing business in the state, whether foreign or domestic, because section 111, just preceding, expressly governs "all societies,

orders and associations contemplated in this act." The act contains provisions as to the manner in which foreign beneficiary associations shall obtain permission to do business in this state and also prescribes the manner in which domestic associations shall be organized. There is nothing in said section 112, nor in any part of the act, to indicate any intention to limit the provisions of that section to domestic associations. As to the other objection, we may admit that an amendment to the by-laws, properly adopted, would have been binding, although adopted subsequent to the issuance of the certificate. This was clearly a part of the contract between Nitsch and the association. But such contract went no further than to provide for the effect of a subsequent amendment when adopted and put in force. There was no agreement with reference to the manner in which such changes should be made. That was a matter which the state had a right to regulate and did regulate by said section 112. When, after the enactment of said section, the association desired to amend its by-laws, it had only to record the amendment in the manner prescribed by the statute. It is well settled that statutes requiring instruments to be filed or recorded and making them invalid or postponing them to instruments subsequently executed, in case they are not so filed or recorded, are not unconstitutional, as impairing the obligation of contracts, with respect to pre-existing instruments. *Jackson v. Lamphire,* 3 Pet. (U. S.) 280; *Vance v. Vance,* 108 U. S. 514; *Weil v. State,* 46 Ohio St. 450, 21 N. E. 643; *Bird v. Keller,* 77 Me. 270; *Stafford v. Lick,* 7 Cal. 479; *Varick v. Briggs,* 6 Paige Ch. (N. Y.) 323.

We therefore recommend that the judgment be affirmed.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.