Argued March 18; affirmed April 1, 1941

EVANS *v.* FINLEY ET AL.

(111 P. (2d) 833)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND and ROSSMAN, Associate Justices.

*William S. Risley*, of Albany, for appellant.

*Orval N. Thompson*, of Albany (Weatherford & Thompson, of Albany, on the brief), for Estella F. Evans, and others.

LUSK, J. In the view that the court takes of this case the only question that need be discussed is the propriety of the circuit court's ruling that the defendant's mortgage is barred by the statute of limitations. That question involves the constitutional validity of a statute enacted by the legislature in 1935 relating to chattel mortgages: § 3, Ch. 200, Oregon Laws 1935. Before the 1935 amendment the statute read as follows:

"Every mortgage, deed of trust, conveyance, or instrument of writing intended to operate as a mortgage of personal property, either alone or with real property, hereafter made, which shall not be accompanied with immediate delivery and followed by the actual and continual change of possession of the personal property mortgaged, or which shall not be recorded as provided in section 54-202, shall be void as against subsequent purchasers and mortgagees in good faith and for a valuable consideration of the same personal property, or any portion thereof." § 54-205, Oregon Code 1930.

The amendment of 1935 added the following language (omitting portions not here material):

"But the effect of such recording or filing shall cease as to all persons upon the expiration of three years from the date of maturity of such obligation (or if the indebtedness is not disclosed by the mortgage

itself, then the date of execution of such mortgage shall be deemed the date of the maturity of the obligation or indebtedness secured or evidenced by such mortgage), unless prior to the expiration of said period of three years the mortgagee or his assignee or other successor in interest or one of them, if there are more than one, makes and files an affidavit showing the date of the mortgage, the names of the parties, the date of filing, and the amount of the debt justly owing at the date of the making of such affidavit, or the condition of the obligation then unfulfilled. * * * The affidavit must be filed in the office where the mortgage therein described is filed, and thereupon the county clerk or recorder of such county must attach the same to the mortgage therein described and note the date of filing opposite the entries of such mortgage in the indexes; whereupon the effect of filing of the original mortgage shall continue in full force and effect for the period of three years from the date of filing said affidavit. * * *

"Provided that the holder of a duly filed or recorded mortgage on personal property, executed prior to the passage of this act, the lien of which has expired under the provisions of this act, shall have a period of six months from and after the passage of this act within which to make and file an affidavit of renewal, as herein provided, thereby continuing the effect of the filing or recording of the mortgage for a period of three years from the date of filing the renewal affidavit."

The entire section, as amended, is § 68-203, O. C. L. A.

The three mares were not delivered to Mary A. King, at the time of the execution of the mortgage to her, and neither she nor her executrix has ever had possession of them. The King mortgage was recorded, but no affidavit such as the statute requires was ever filed, notwithstanding that, at the time that the plain-

tiff's mortgage was given, more than three years had elapsed from the date of the maturity of the obligation secured by the King mortgage. It is not claimed that the Bank of Shedd, or its assignee the plaintiff, had actual knowledge of the King mortgage; and it, therefore, follows that, if the statute be valid, under its plain provisions the defendant will not be permitted to enforce her mortgage as against the plaintiff.

The defendant contends that since, under the law as it existed at the time of the execution of the mortgage to Mary A. King, the validity of her lien was unassailable by subsequent purchasers or mortgagees, the statute, if applied to her mortgage, must be held unconstitutional as impairing the obligation of a contract in violation of Article I, § 10, of the Constitution of the United States, and Article I, § 21, of the Constitution of Oregon. The propositions are asserted, and authorities cited in support of them, that the law in force at the time a mortgage is executed, with all the conditions and limitations it imposes, is the law which determines the force and effect of the mortgage, and any changes in the law which impose conditions and restrictions on a mortgagee in the enforcement of his right and which affect its substance are invalid as impairing the obligation and cannot prevail. Thus, this court, upon the controlling authority of the decision of the United States Supreme Court in *Barnitz v Beverly*, 163 U. S. 118, 41 L. ed. 93, 16 S. Ct. 1042, held unconstitutional a statute extending the time for redemption from execution sales of real estate from four months to twelve months when attempted to be applied to mortgages executed prior to the passage of the act. *State ex rel v. Sears*, 29 Or. 580, 43 P. 482, 46 P. 785, 54 Am. St. Rep. 808.

The argument of the defendant assumes that under the statute of limitations governing the foreclosure of chattel mortgages at the time the defendant's mortgage was given, the period of limitations was greater than three years, though in the briefs of counsel the applicable statute has not been pointed out. We have found no decision of this court upon the question, but it is not necessary to decide it. It is sufficient for present purposes to say that the period is at least as long as that limited for bringing an action on the note, which is six years: § 1-204, O. C. L. A. The effect of the 1935 amendment, therefore, so far as third parties are concerned, is to shorten the time within which a duly recorded chattel mortgage may be foreclosed. That the statute is retrospective in its operation there can be no doubt, because express provision is made respecting the filing of a renewal affidavit by the holders of mortgages "executed prior to the passage of this act."

■■ Statutes of limitation affect only the remedy, and do not extinguish the right. *State Land Board v. Lee*, 84 Or. 431, 441, 165 P. 372; *Kaiser v. Idleman*, 57 Or. 224, 228, 108 P. 193, 28 L. R. A. (N. S.) 169; *Goodwin v. Morris*, 9 Or. 322, 324; *Myer v. Beal*, 5 Or. 130; *Anderson v. Baxter*, 4 Or. 105, 113. Therefore, it is universally held that: "The legislature may enact a statute which limits the time within which actions may be brought to enforce demands where there was previously no period of limitation or which shortens the existing time of limitations, and such a law may operate upon existing contracts without necessarily being invalid as impairing their obligations." 12 Am. Jur., Constitutional Law, 89, § 445; 16 C. J. S., Constitutional Law, 683, § 266; 17 R. C. L., Limitations of Actions, 672, § 11. This principle is so well established that a review of

the decisions is unnecessary. It will suffice to refer to the lists of cases in 12 C. J., Constitutional Law, 978, § 574, Note 97, and in 16 C. J. S., Constitutional Law, 684, § 266, Note 62, and to add that the rule is subject to the limitation that a reasonable time must be given for the commencement of an action before the bar takes effect. *Terry v. Anderson*, 95 U. S. 628, 24 L. ed. 365; 17 R. C. L., Limitation of Actions, 676-680, §§ 18-23.

■ The language of the statute under consideration is not of the kind ordinarily used in a statute of limitations. It is not in terms provided that suit shall not be brought after a time specified. But, that the purpose of the enactment and the results intended to be accomplished by it are no different than if that character of language had been employed, we think there can be no doubt. The effect of the statute is merely to cut off the remedy of the mortgagee by foreclosure upon the expiration of three years after the expiration of the obligation, leaving his every substantial right unimpaired. And, even that result can be avoided by the filing of the renewal affidavit.

Our construction of the statute finds ample support in the authorities.

In *Vance v. Vance*, 108 U. S. 514, 27 L. ed. 808, 2 S. Ct. 854, the constitutionality of a recording statute of Louisiana was in question. The Civil Code of that state gave to a minor a tacit mortgage upon the property of his tutor from the day of his appointment. Then legislation was enacted which, in substance, provided that such mortgages should cease to have effect against third persons after January 1, 1870, unless duly recorded. An emancipated minor brought suit for an accounting against his tutor, who had been appointed

before the new legislation was passed. Certain creditors intervened, and the question was whether the asserted mortgage of the minor, which had not been recorded, should prevail over the claims of these creditors. The validity of the recording act was challenged, but the act was sustained, and the decision was against the existence of the mortgage privilege. The Supreme Court of the United States quoted with approval the following language from the opinion of the state court:

"Waiving the question, which is certainly a debatable one, whether or not the obligations and mortgages existing against the natural tutor in favor of his ward arise or spring from contracts, we think the plaintiff's argument untenable, in that it assumes that article 123 destroyed or impaired plaintiff's mortgage obligation in the sense of the Constitution of the United States. Had the article simply declared the abolition and extinction *eo instanti* of all tacit mortgages, there would have been the case presented by plaintiff's argument. But it did nothing of the sort. It fixed a future day, reasonably distant, and declared that such mortgages would perempt, prescribe, or cease to exist as to third persons unless recorded by that date.

"It is in its nature a statute of limitations. The right of the State to prescribe the time within which existing rights shall be prosecuted, and the means by and conditions on which they may be continued in force, is, we think, undoubted. Otherwise, where no term of prescription exists at the inception of a contract, it would continue in perpetuity, and all laws fixing a limitation upon it would be abortive. Now, it is elementary that the State may establish, alter, lengthen or shorten the period of prescription of existing rights, provided that a reasonable time be given in future for complying with the statute."

In its opinion the Supreme Court cited the case of *Jackson v. Lamphire*, 3 Pet. 290, 28 U. S. 280, 7 L. ed.

679, in which it sanctioned the power of the state to pass recording acts, by which the elder grantee shall be postponed to a younger, if the prior deed is not recorded within a limited time. The power was said to be the same, whether the deed is dated before or after the recording act.

*Conley v. Barton*, 260 U. S. 677, 67 L. ed. 456, 43 S. Ct. 238, involved the validity, as applied to existing mortgages, of a statute which required a mortgagee, within three months after the expiration of one year from the taking of possession under his mortgage to execute and record a certain affidavit; otherwise his foreclosure was invalidated. The suit was brought by the mortgagor to redeem after the expiration of a year, which was the period of redemption provided in the mortgage. The mortgage was given prior to passage of the law. The mortgagee had not filed the required affidavit. It was held that the law did not extend the period for redemption, as in *Barnitz v. Beverly*, supra, since if the affidavit was filed at once on the expiration of the year, or at any time within three months, the foreclosure would be complete at the end of the year. The Supreme Court said that the statute "only imposes a condition, easily complied with, which the law, for its purposes, requires," and since the condition was required, and its purpose declared, long before the attempted foreclosure, no impairment of the obligation of the contract was found. The court concluded:

"We think it would be extreme to hold that this is outside of the power of the state over remedies, and the law of the state has precedents of justification in Vance v. Vance, 108 U. S. 514, 27 L. ed. 808, 2 Sup. Ct. Rep. 854; Curtis v. Whitney, 13 Wall. 68, 20 L. ed. 513."

█ We believe that these decisions of the Supreme Court of the United States are conclusive upon the federal question presented, as well as the construction of the Oregon constitutional provision which prohibits the passing of laws which impair the obligation of contracts. State decisions construing and sustaining similar statutory provisions are: *Bradley v. Lightcap*, 201, Ill. 511, 66 N. E. 546; *State v. Krahmer*, 105 Minn. 422, 117 N. W. 780, 21 L. R. A. (N. S.) 157; *Myers v. Wheelock*, 60 Kan. 747, 57 P. 956; *Knights of the Maccabees v. Louise Nitsch*, 69 Neb. 372, 375, 95 N. W. 626, 5 Ann. Cas. 257; *Snider v. Brown*, (Tenn.) 48 S. W. 377. Cf. *Gilfallan v. Union Canal Co.*, 109 U. S. 401, 27 L. ed. 977, 3 S. Ct. 304.

Whether the challenged statute be "considered as an act of limitations, or one in the nature of a recording act, or as a law *sui generis*", (*Jackson v. Lamphire*, supra) it is, we think, immune to constitutional objections. As a statute of limitations, it is elementary that the legislature had power to pass it; as a recording act, it imposed a condition easily complied with, and required long before the three-year limitation would expire. *Conley v. Barton*, supra. If the state has the power to require recording where none was necessary before, as a condition to the preservation of a lien, as in the Vance case, we think that it can require a further recording to the same end, as in the instant case, provided a reasonable time is allowed in which to comply with the statute. Here, the defendant's note matured March 22, 1934, and the statute did not take effect until June 12, 1935. The defendant was given from that date until March 22, 1937, in which to foreclose her mortgage or file the prescribed affidavit. That this was a reasonable time is not open to question.

12 Am. Jur., Constitutional Law, 89, § 445; 49 A. L. R. 1260, Note; *Wheeler v. Jackson*, 137 U. S. 245, 34 L. ed. 659, 11 S. Ct. 76.

█ █ It has been argued that a statute of this kind cannot be upheld unless it has its basis in the promotion of the public welfare; and it seems to be thought that unless some great public exigency is shown to have moved the legislature to action, the law must be stricken down. Statutes of limitation are no doubt passed to promote the general welfare. The mischief which they are intended to remedy "is the general inconvenience resulting from delays in the assertion of a legal right which it is practicable to assert." 17 R. C. L., Limitation of Actions, 666 § 3. But the question whether such mischief exists and the means to be taken to curb it is for the legislature, not the courts. We must assume that it was the judgment of the legislature that hardships and injustices, perhaps frauds, had been suffered if not encouraged under the law before the amendment of 1935, and that the amendment, by requiring a more prompt enforcement in the courts of the rights of mortgagees, or in lieu thereof the filing of the prescribed affidavit, would prevent, or lessen, these evils. The court cannot say that there was no reasonable basis for this determination.

We are of the opinion that the act does not impair the obligation of the defendant's mortgage, but is constitutional. The decree of the court below that defendant's rights are barred by the statute; and foreclosing the plaintiff's mortgage, is, therefore, affirmed.