WARREN A. HEYWOOD

*vs.*

MAINE MUTUAL ACCIDENT ASSOCIATION.

Hancock.     Opinion January 27, 1893.

*Insurance     Accident Company.     Notice of Injury.     Waiver.*
An accident policy of insurance, stipulating that failure to notify the company of an injury for the space of ten days after it is received shall bar all claim under the policy, is valid; and when such stipulation has neither been complied with nor waived, the assured cannot recover upon the policy.

ON REPORT.

This was an action of assumpsit upon an accident policy, dated April 20, 1889, and under which the plaintiff sought to recover for injuries received by him April 23, 1890. Plea was the general issue with a brief specification relying for a defense, among other grounds, upon the two following conditions in the certificate or policy:

"Second. In the event of an accidental injury for which claim may be made under this certificate, or in case of death resulting therefrom, immediate notice shall be given in writing, addressed to the secretary of this association at Portland, stating the full name, occupation, and address of the insured, with full particulars of the accident and injury, and failure to give such written notice within ten days of the occurrence of such accident, shall invalidate all claims under this certificate; and unless direct and affirmative proof of the same, and of the death or duration of total disability shall be furnished to the association within one year from the happening of such accident, then all claims shall be waived and forfeited to the association.

"Seventh. All the provisions and conditions aforesaid, and a strict compliance therewith during the continuance of this certificate, are conditions precedent to the issuing of this certificate." . . .

The plaintiff claimed that the following letters and affidavit constituted due and legal notice and proof of his disability according to the terms and conditions of the certificate :—

"C. H. Boothby, Esq., Portland, Maine.

Dear Sir: Will you please send me a blank for indemnity claim, as I am quite seriously injured.

Yours truly,     W. A. Heywood.

Bucksport, May 19, 1890."                (I.)

"Portland, Me., May 19, 1890.

"W. A. Heywood, Bucksport, Me.

Dear Sir: Notice of your injury just received. Please inform me by return mail what your injury is, what you were doing at time of injury, and just how the accident happened. Also inform me what physician is attending you and how long in his opinion you will be prevented from attending to the duties of

your occupation by reason of your said injury. On receipt of your answer to each of the above enquiries I will mail you a blank on which to prove your claim.

(Dictated.)          Very truly,     C. H. Boothby, Sec'y."

"C. H. Boothby, Esq.,

Dear Sir: Yours of the 27th at hand. In answer I will say that I am patiently waiting for the blanks which I asked for nearly two weeks since, and when they arrive I will be pleased to answer any of the questions contained in such blanks to the best of my ability.          Yours, &c.,          W. A. Heywood.

Bucksport, May 28, 1890."

"Portland, Me., May 27, 1890.

"W. A. Heywood, Bucksport, Me.

Dear Sir: My letter to you of the 19th instant, remains unanswered. Will you kindly give it your immediate attention. We wish to know when you were injured, how, what the injury was and its extent, to what extent you were disabled, what physician is attending you, and how long in his opinion you will be totally disabled. In my former letter I requested an immediate answer, and do not understand why you have not attended to it.

(Dictated.)          Very truly,     C. H. Boothby, Sec'y."

"To the Maine Mutual Accident Association, of Portland, Maine.

F. L. Shaw, President.

C. H. Boothby, Secretary.

Affidavit of Claimant.

"I, Warren A. Heywood a resident of Bucksport, County of Hancock and State of Maine. My occupation was merchant (office duty) and reporter. I am insured in the Maine Mutual Accident Association of Portland, Maine, under policy No. 5887, dated April 20th, A. D. 1889, in the principal sum of $5,000, in favor of Ida E. W. Heywood (wife) and $25.00 per week indemnity, on the 23d day of April, A. D. 1890, I was in Bucksport aforesaid, when and where I received bodily injuries by accidental means, to wit: while carrying a ladder from my house to a building on fire some forty rods distant, (which building was owned by my mother) I received a severe strain

which produced aneurism of the femoral artery in my right leg or groin from which bodily injury I have been immediately, wholly and continuously disabled from transacting any and every kind of business pertaining to my occupation as above stated, independently of all other causes which bodily injury has continued from said 23d day of April, 1890, up to the present time, during the space of fifty-two weeks for which I hereby claim indemnity at the rate of $25 per week which when paid shall be in full of all claim which I have or may have on account of the personal injuries aforesaid.      This is the only policy I hold for indemnity.                          Warren A. Heywood."

"State of Maine.      Hancock, ss.      April 20, A. D. 1891.

Personally appeared the above named Warren A. Heywood and made oath to the above affidavit.      Before me,

O. F. Fellows, Justice of the Peace."

The declaration was in the usual form and alleged notice of plaintiff's injuries as follows : "And he further avers that, within ten days, notice was given by him to said defendant after the happening of said accident, in writing, stating his name, occupation and address with full particulars of the accident and injury."

The defendant contended that the required notice was not given within ten days of the occurrence of the accident and the plaintiff contended there had been a waiver of that condition in the certificate, both by the letters and from the further fact that the secretary of the company visited the plaintiff at Bucksport and had a conversation with him.      At this conversation Boothby, the secretary, asked the plaintiff how he was injured, what his injury was and upon being told that it was an aneurism, said that he did not know what it was and did not know whether it came under the head of the policy or not; and asked him if he was willing to go before a physician, or to go to Bangor before a physician.      In compliance with this request, Heywood did go shortly afterward to Bangor where he was examined by two physicians who were paid by the company.

The view taken by the court upon the defense thus stated renders a report of other defenses offered, immaterial.

*O. F. Fellows*, for plaintiff.

*Wiswell and King*, and *A. F. Moulton*, for defendant.

Giving notice, condition precedent.   Met. Cont. 213 ; *Supt. of Schools* v. *Bennett*, 72 Am. Dec. 373 ; *Pitt* v. *Ins. Co.* 100 Mass. 500 ; *Ins. Co.* v. *Statham*, 93 U. S. 24 : *Shaw* v. *Ins. Co.* 103 Mass. 454 ; *Riddlesbarger* v. *Ins. Co.* 7 Wall. 386 ; *Wheeler* v. *Ins. Co.* 82 N. Y. 543 ; *Thompson* v. *Ins. Co.* 14 Otto, 252 ; *Gamble* v. *Ins. Co.* 4 Irish R. (C. L.) Exch. 204 ; *Underwood* v. *Ins. Co.* 57 N. Y. 500.

Plaintiff does not count upon a waiver in his declaration : *Colt* v. *Miller*, 10 Cush. 49 ; *Hilt* v. *Campbell*, 6 Maine, 109 ; *Pomroy* v. *Gold*, 2 Met. 500 ; *Palmer* v. *Sawyer*, 114 Mass. 1 ; 1 Chit. Pl. * 329.

Waiver : *Diehl* v. *Ins. Co.* 58 Penn. 443 (98 Am. Dec. 302) ; *Leslie* v. *Ins. Co.* 63 N. Y. 27 ; *Ins. Co.* v. *Wolf*, 95 U. S. 326 ; *Ins. Co.* v. *Eggleston*, 96 U. S. 572 ; *Ripley* v. *Ins. Co.* 30 N. Y. 136 (86 Am. Dec. 362) ; *Jones* v. *Ins. Co.* 36 N. J. 29 (13 Am. Rep. 405) ; *Blake* v. *Ins. Co.* 12 Gray, 265 ; *Ins. Co.* v. *Chicago Ice Co.* 36 Md. 102 (11 Am. Rep. 468) ; *West* v. *Platt*, 127 Mass. 367 ; *Hoxie* v. *Ins. Co.* 32 Conn. 21 (85 Am. Dec. 240) ; *Bennecke* v. *Ins. Co.* 15 Otto, 355 ; *Beatty* v. *Ins. Co.* 66 Penn. 9 (5 Am. Rep. 318) ; *Everett* v. *Ins. Co.* 142 Pa. St. 332 (24 Am. State Rep. 499).

HASKELL, J.   Assumpsit upon a policy of insurance against accidents.   The policy contained a stipulation that failure to notify the company of the injury for ten days after it was received should bar all claim therefor.   It was competent for the parties to make the agreement, and they are bound by it. The plaintiff neglected to notify the company of any accident or injury to himself, until twenty-six days had elapsed.

A careful examination of the evidence shows no waiver on part of the company.

The authorities cited at the bar conclusively show that plaintiff cannot recover ; according to stipulation of the parties,

*Judgment for defendant.*

PETERS, C. J., WALTON, LIBBEY and FOSTER, JJ., concurred.