WESTERN TRAVELERS ACCIDENT ASSOCIATION v. ISABELLE McHENRY TOMSON, ADMINISTRATIX.*

FILED NOVEMBER 16, 1904.   No. 13,546.

1. **Pleading: ANSWER.** A defendant may set forth in his answer as many grounds of defense as he may have, subject only to the requirement that such defenses shall not be so repugnant that if one be true the other is false.

2. ———: ———. Where an answer pleads a failure to give notice, and a reply pleads a waiver and estoppel, or matter to avoid the effect of failure to give notice, the allegation that no notice was given must be treated as admitted. *Dwelling House Ins. Co. v. Brewster*, 43 Neb. 528, followed.

3. ———: WAIVER. Where the pleadings admit that no notice was given and rely upon a waiver or estoppel by the insurer, the question of excuse or of whether notice was given within a reasonable time is entirely eliminated, and the only question left for consideration is whether by its actions the insurer waived the provisions as to notice.

4. Evidence examined, and *held* that no waiver has been proved.

5. Defenses: CONSISTENCY. Where the insurer denies that the policy was in force at the time of the loss, a defense which is based upon the conditions of the policy, such as that proofs of loss were not furnished in accordance therewith, is inconsistent with another defense which asserts that no policy was in force at the time of the loss.

6. Insurance Policy, Action on: PLEADING: WAIVER. In an action upon an accident insurance policy, where no notice of the accident was given within the time limited by the by-laws of the association, a denial of liability for the reason that no accident occurred, made after this time had expired, is not a waiver of such a provision specifying that no claim for injuries shall be valid unless written notice of the accident shall have been given within 15 days from the happening thereof.

7. Pleading: AMENDMENT BY INTERLINEATION. The practice of amending pleadings by interlineation or erasure is not to be commended, and should not be favored.

ERROR to the district court for Lancaster county: AL-BERT J. CORNISH, JUDGE. *Reversed.*

*O'Neill & Gilbert* and *T. J. Doyle*, for plaintiff in error.

*L. C. Burr*, contra.

LETTON, C.

The plaintiff in error, defendant below, is a mutual fraternal beneficial association, organized under the laws in this state, and having its place of business in the

---

* Rehearing allowed. See opinions, pp. 674, 680, *post.*

city of Omaha. Its purpose is to furnish indemnity on account of death or disability resulting from injuries received from accidental means. The plaintiff below was Hays B. Tomson, now deceased. The action is now revived in the name of Isabelle McHenry Tomson, as administratrix of her deceased husband's estate. Tomson became a member of the defendant association in 1893, and was a member in good standing at the time of the occurrence of the accident or sickness by reason of which he claimed the association became liable to him upon said certificate. On February 18, 1902, in the usual conduct of his business as a traveling salesman, Tomson was driven in a two-horse buggy by a young man, from Weston, in Saunders county, to Bruno, in Butler county, in this state. At one point in the road, it is claimed that the horses were about to run away and the buggy was drawn rapidly over a very rough piece of road; that he was thereby shaken and jostled violently about in the buggy; that a blood vessel of his brain was ruptured, causing a slight hemorrhage from which he then suffered; that a few days afterwards, at his home in Lincoln, the hemorrhage was repeated, causing paralysis of one side of his body and bringing on a permanent total disability. He sought to recover from the defendant association upon the ground that the injury he suffered was accidentally produced and that therefore he was entitled to the benefits specified in his contract of membership. A trial was had and judgment rendered in his favor in the district court, from whence the association has prosecuted error to this court.

Plaintiff in error argues in its brief, first, that notice of the alleged accident was not given nor waived; second, that the defendant was entitled to judgment under the pleadings; third, that Tomson was not totally disabled for a period of two years or over, and therefore was not entitled to the $2,500 benefit allowed him by the jury; fourth, error in the introduction of evidence, and, fifth, that the evidence was not sufficient to support the ver-

dict. The greater part of the argument has been devoted to the question of notice. To determine this question will require an examination of the pleadings.

The petition alleged that Hays B. Tomson became a member of the defendant association in 1893, and that in that year it issued to him its benefit certificate whereby he became entitled to the indemnity afforded by its provisions against accident, and that he had paid each and every assessment made against him from that time, and has kept and performed all of the terms and conditions of said membership certificate or policy on his part to be kept and performed. The petition sets forth further in detail the accident by which he claims he was permanently injured on the 18th day of February, 1902, and further pleads that on the 18th day of February, 1902, he notified the defendant company of said accident, and also upon the 25th of February, 1902, and in March, 1902, he again notified the company of the accident; that it denied liability and claimed that plaintiff was not injured by an accident at all, and thereby waived the provisions of the constitution and by-laws of the association as to notice of the accident, and it is estopped to claim every advantage therefrom. The answer, omitting certain objections to jurisdiction set forth therein, admits that the association executed a certificate of membership to the plaintiff in 1893, alleges that plaintiff has at no time given it notice of any accident, and denies each and every allegation contained in the petition and not hereinbefore admitted. After this answer was filed, two amendments were made by leave of court, admitting that the plaintiff had a hemorrhage of the brain, but alleging that the hemorrhage was caused by disease and that the defendant was not liable on account of said hemorrhage, admitting also that the plaintiff was totally disabled and unable to perform any of the duties pertaining to his usual occupation for a period of one year, beginning on the 22d day of February, 1902; and after the trial was begun, in order to avoid any question as to the issue of membership, a

further amendment was made by leave of court admitting that at the date of the alleged injury the plaintiff was a member in good standing in the defendant association. The reply was a general denial, with the further allegation that after receiving the notice and claim of the plaintiff the executive board of defendant duly met, and the plaintiff's notice and claim of accident came before it for consideration of allowance or rejection, and the same was rejected by a unanimous vote of said board; that defendant denies that plaintiff was injured by an accident, and that defendant is estopped to claim and has waived the provisions of the by-laws and constitution as to notice.

The proof showed that up to the time that Tomson started upon the drive mentioned, he had been a stout, healthy man. He was 54 years of age and testifies he had never had a doctor in his life that he remembered of; that the road at one point had been frozen and thawed, had been cut up by the wheels of wagons while soft, and had frozen again while in this rough condition; that when they reached this rough ground, the horses were on a dead run and about to get away from the driver. He further testifies that in going over the rough ground he was thrown backward and forward, from one side to the other, and while going over it, it felt to him as if some one had turned a mirror in his eyes and he could hardly see any thing the balance of the afternoon; that it was just a perfect glitter all that afternoon and clear up to the next day and that he was prostrated and nervous; that when they reached Prague, the first town after going over the rough ground, he was feeling dizzy and that he had a colored sensation in front of his eyes and could scarcely see, and that he had the same restless feeling and snappy feeling in front of his eyes all the time until after his return home a day or two afterwards.

The testimony further shows that at his home he was stooping over to take something out of the lower drawer of a chiffonier, when he became dizzy and faint and had

an apoplectic stroke which disabled him entirely for a year. The drive took place on the 18th of February, and the second attack upon February 22. Upon April 8 a letter was written to Arthur L. Sheetz, the secretary of the association, by Hays Tomson, Jr., the son of defendant in error, the following portion of which is in evidence: "Dear Sir,—My Father who is a member of the W. T. A. A. has been very sick for the last six weeks and I write to ask if he is eligible for insurance. He made a drive from Weston to Prague, a distance of about forty miles, with the snow on the ground, behind a pair of bronchos on Monday or Tuesday. From that time on his eyes kept continually blurring and he felt sick until Saturday evening when he lost control of his arms and legs. * * * Hoping to hear from you, I remain, Hays Tomson, Jr."

On April 9 the association replied to this letter as follows: "Mr. Hays Tomson, Jr., 431 South 12th St., Lincoln, Nebraska. Dear Sir: Your letter without date with reference to your father's illness is at hand. In reply will state that you do not mention any accident which your father had, and the association pays only where the disability is caused by accidental injuries. The clause requiring notice to be given within 15 days after the accident applies in all cases where it is possible to give such notice. However, since there seems to have been no accident in this case this question would not be of importance, however, as above stated the association does not pay indemnity for disability except such disability as may have been caused by reason of accidental injuries. Yours truly, Arthur L. Sheetz, Secy."

On April 22 Mrs. Tomson wrote the association as follows: "Lincoln, April 22, 1902. Mr. Arthur L. Sheetz, Omaha, Nebr., Dear Sir: When my husband Hays B. Tomson, left Malmo, February 18, he was perfectly well. He made a drive over very rough frozen roads of 25 or 30 miles. The driver made rapid time and the jarring was violent and severe. It is his belief that this 'shaking up' caused the hemorrhage

which resulted in the complete disability following and which still continues. He has been unable to send you notice because his physician, Dr. Mitchell, has required as nearly complete mental and physical quiet as possible. Very sincerely, Isabelle Tomson, 431 South 12th St."

On May 6 the association made the following reply: "May 6th, 1902. Mrs. Tomson, 431 South 12th St., Lincoln, Neb. Dear Madam: Your letter of April 22d has been referred to our executive board and I am instructed to advise you that as Mr. Tomson met with no accident which caused his recent disability he is not entitled to any benefits from the association. Your letter does not say that any accident happened unless the fact that Mr. Tomson rode over a rough and frozen road could be classed as an accident. If it is insisted that this is an accident we will be obliged to also rely upon failure to give the required notice of the accident within 15 days. We believe that by no fair construction of our by-laws could Mr. Tomson's disability be held to be the result of any accidental injuries. While we sympathize with you and Mr. Tomson in this misfortune we regret that the disability is not such as is contemplated by our constitution and by-laws. Yours truly, Arthur L. Sheetz, Sec'y."

The records of the executive board show, under date of April 26, "It was moved and seconded that the claim of H. B. Tomson, Lincoln, Nebraska, be rejected. The motion was carried by unanimous vote." The constitution and by-laws of the association provide that no claim for injuries received shall be valid unless written notice of said accident shall have been received at the office of the association within 15 days from the happening thereof.

It will be seen that no notice of any accident was given to the association within 15 days as is required by these provisions. It may further be noted that nothing is alleged in the petition or reply which sets forth any reason or excuse why notice was not given within the 15 days. No attack is made by defendant in error in the pleadings upon the reasonableness of this requirement, but it is

claimed that by its actions the association waived the limit of time, and also waived any further or more specific proofs and notice of loss than those contained in the letters hereinbefore set forth.

The defendant in error relies upon the doctrine laid down in *Omaha Fire Ins. Co. v. Dierks*, 43 Neb. 473, and subsequent cases following and adopting the rule that, where the insurer denies all liability for the loss and refuses to pay the same upon grounds other than the failure of the insured to give notice of the loss, such denial and refusal avoid the necessity of such notice. The reason given for this rule, however, is that since the insurer denies that the policy was in force at the time of the loss, a defense which is based upon the conditions of the policy, such as that proofs of loss were not furnished, is utterly inconsistent with another defense which asserts that no policy was in force at that time. Plainly, the insurer can take no advantage of the provisions of a contract which he claims does not exist. The cases following the *Dierks* case rest upon this principle of the defenses being inconsistent, because in each case the insurance company claimed that the policy was not in force at the time of the loss. In the instant case no claim is made that the certificate was not in force at the time of the loss. Defendant in error argues that the pleadings, up to the time of the amendment in open court, denied that Tomson was a member of the association, but we do not thus regard them and think that that issue was not raised. The allegations of the answer, taken as a whole, do not deny membership. The question then arises whether a defense that no notice was given within the time limited and a defense that no accident ever happened are inconsistent with each other. We think they are not. Under section 100 of the code, the defendant may set forth in his answer as many grounds of defense as he may have. In *Home Fire Ins. Co. v. Decker*, 55 Neb. 346, which was an action against a fire insurance company upon a policy, the petition admitted that proofs of loss had not been

furnished, but alleged that the condition in relation thereto had been waived. The first paragraph of the answer denied generally the allegation of the petition, the second alleged that the plaintiff had not complied with the conditions of the policy as to notice and proofs of loss; the third, that proofs of loss were not furnished within the time limited in the contract; and fourth, that the plaintiff caused the building to be burned. This court said (SULLIVAN, J.) :

"We entirely agree with counsel that the several grounds of defense stated in the answer were not inconsistent. The proof of one would have no tendency whatever to disprove either of the others. A defendant may, under our system of pleading, allege as many grounds of defense as he may have, subject only to the condition, implied from the requirement in regard to verification, that such defenses shall not be so repugnant that if one be true the other must be false. *Blodgett v. McMurtry,* 39 Neb. 210; *Citizens' Bank v. Closson,* 29 Ohio St. 78; *Pavey v. Pavey,* 30 Ohio St. 600; *Nelson v. Brodhack,* 44 Mo. 596; *McAdow v. Ross,* 53 Mo. 199."

A defense of failure to give notice within the time limited, and a defense that no accident occurred, are not inconsistent with each other. The proof of one would in nowise affect the proof of the other. They may both be true or only one of them may be true. The facts in this case therefore do not fall within the rule established in the *Dierks* case, *supra.* When an insurer, before the time for giving notice expires, absolutely denies liability upon a policy, there is reason for the rule that a denial of all liability on the policy waives the giving of notice. The law does not require a vain thing; hence, where the insurer knows of the loss and denies all liability before the time of giving notice expires, the giving of notice or of proofs of loss would be useless. This rule, however, cannot apply where nothing has been done by the insured to render the giving of notice a useless action before the time has expired in which notice is required to be given.

While the petition alleges the giving of notice to the defendant through its vice-president within 15 days' limit, no proof of this was introduced at the trial. The only notice of any kind received by the company therefore was the two letters hereinbefore set forth. The answer denies the receipt of notice. The reply denies generally the allegations of the answer, and sets forth facts by which it is alleged the defendant "did waive and forego all the provisions of the policy, by-laws and constitution in respect to notice and is estopped to claim any advantage therefrom."

Under the rule laid down in *Dwelling House Ins. Co. v. Brewster,* 43 Neb. 528, that any allegation of the answer to which the reply pleaded a waiver and estoppel, or matter to avoid its effect, must be treated as admitted, we think that the pleadings in effect admit the failure to give notice within the time specified and rely upon a waiver or estoppel. As before noted, the pleader does not allege or rely upon the inability of Tomson arising from his injuries to give the required notice; and hence the principles laid down in *Woodmen Accident Ass'n v. Pratt,* 62 Neb. 673, are not applicable. The question presented is not whether the circumstances excuse the giving of notice within the time, but whether, when no notice actually was given within the time, and no excuse is pleaded, the excuse can be considered as being within the issues. In the *Pratt* case, *supra,* the court say:

"We are also cited to the case of *Heywood v. Maine Mutual Accident Ass'n,* 85 Me. 289, 27 Atl. 154, in support of the contention of the defendant. In that case the question arose on demurrer to the petition, which disclosed that notice was required by the terms of the policy sued on, and that none had, according to the pleading, been given, nor was any excuse or reason pleaded for not giving the notice. It being, for the purpose of the question decided, admitted that no notice had been given and no excuse existed for failure to give the notice, the question could not well be decided otherwise."

Since the pleadings, as we construe them, admit that no notice was given, and rely upon a waiver or estoppel by the insurer, the question of excuse or of whether notice was given within a reasonable time is entirely eliminated, and the bare question left for consideration, whether by its actions, the insurer waived the provisions as to notice.

The first letter to the association, which was written by the son, stated, in substance, that his father had been *sick* for six weeks; that he drove 40 miles with snow on the ground, that from that time his eyes kept blurring and he felt sick, until Saturday night, when he lost control of his arms and legs. The association replied to this letter, in substance stating that the writer mentioned no accident. That the 15-day provision applied in all cases where it was possible to give notice; that the association did not pay except for the result of accident. From these letters it is apparent that no notice of accident was given to the association thereby, and that it did not consider or accept the letter as a notice. Further, it expressly stated that the 15-day notice applied in all cases where possible to give it, thus indicating an intention to insist upon the rule. The second letter, written April 22, evidently seeking to set forth in detail the accident claimed, stated the facts and gave a reason and excuse why notice was not given. On April 26 the executive board met, the two letters were evidently treated as a claim for indemnity and the record of the proceedings shows that the claim of Hays B. Tomson was rejected. No reason is assigned for the rejection upon the records, but the letter of May 6 from the secretary to Mrs. Tomson expressly puts the rejection upon the ground that Tomson had met with no accident and that the association also relied upon failure to give notice. A claim envelope was introduced in evidence which showed an indorsement, "Claim of H. B. Tomson," and "Claim filed April 9," and in pencil in the handwriting, apparently, of the secretary, "No Accident." "Rejected." These are all the facts in evidence as to the giving of notice and the alleged waiver. We can see no

waiver here. The association from the first insisted upon
notice, and after the second letter was written, which
was the first which set forth an extraneous or violent
cause for the injury, it disclaimed liability both on ac-
count of the fact that there was no accident and further
because of lack of notice. We can see no inconsistency in
this conduct. It is not a case where the insurer claimed
a forfeiture and at the same time acted as if the policy
were valid. No question of forfeiture is presented. It
treated the certificate as valid, but insisted that nothing
had occurred which set its provisions as to indemnity in
motion. This is the position it has taken from first to
last, both before and after this action was begun. Neither
forfeitures nor estoppels are favored in law, so no pre-
sumptions are to be indulged in in order to aid either
insurer or insured as this case is presented to us. Under
these facts neither waiver nor estoppel has been shown
as to the provisions of the constitution in regard to no-
tice, and the association has a right to rely upon the
terms of the contract.

. As has been stated, as the pleadings now stand we can-
not consider whether the 15-day requirement is reasonable,
nor whether the circumstances offered good and reason-
able excuse for the failure to give the notice. The ques-
tions presented are not the same as in *Woodmen Accident
Ass'n v. Pratt, supra,* and with the rules there enunciated
we are content. The trial court instructed the jury that the
defendant waived all that part of the policy with respect
to formal and technical notice of an accident within 15
days, and that that question should not be considered,
which was duly excepted to by defendant. In the view
we take of this matter this instruction was prejudicially
erroneous.

2. The plaintiff in error claims it was entitled to judg-
ment under the pleadings. This claim is based upon the
contention that the reply admitted paragraph 5a of the
answer, which charged that Tomson's injury was oc-
casioned by disease and that the association was not liable

on account of the same. In this connection a serious controversy arose between counsel as to whether an interlineation in the reply in fact made this admission. This matter was decided in this court upon a motion to strike a part of the transcript, and since the effect of the ruling upon the motion was to leave the reply denying this allegation, this contention is not well taken.

3. Considerable controversy has arisen in this case by reason of the somewhat confused manner in which amendments to the pleadings were made while the cause was pending in the district court. Oral charges in open court, affidavits and counter-affidavits have been made with reference to the time when certain interlineations and erasures were made. While these facts are not material to a decision of the case, we believe it advisable at this time to criticise this method of making amendments. In this day and age, when the stenographer and typewriter are adjuncts of almost every lawyer's office, there is no excuse for pleadings being interlined and erased, having slips attached to them, or any other like mutilation being made. It often happens that in the hurry of a trial an amendment may be permitted to be made by interlineaation, but before the case is finally submitted the parties should be required, if it is possible to do so, to file clear copies of the papers thus amended. In this way much dispute, ill feeling, charges and counter-charges might be dispensed with. The practice of amending pleadings by interlineation or erasure is not to be commended, and should not be favored.

We recommend that the judgment be reversed and the cause remanded.

OLDHAM, C., concurs.
AMES, C., concurs only in the result.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.

46

The following opinion on rehearing was filed May 17, 1905. *Judgment of reversal vacated. Judgment of district court affirmed:*

1. **Pleading**: PETITION: REPLY. A plaintiff may, subject to liability to attack by motion or demurrer, plead in his petition matter in avoidance of an anticipated defense, and may supplement the same in his reply by allegations not inconsistent therewith.

2. ———: CONSTRUCTION AFTER JUDGMENT. Pleadings after verdict and judgment will, if not previously attacked, be liberally construed for the purpose of upholding the result reached by the court and jury.

3. ———: WAIVER. If an insurance company, sued for an alleged loss, denies the loss, it waives proof of notice of the same.

4. **Action on Insurance Policy**: NOTICE. If an insurance company has actual knowledge of a loss, within the time stipulated in the policy for the giving of formal notice thereof, such notice is dispensed with.

AMES, C.

This case was formely before this court and decided by an opinion published, *ante*, p. 661. On the former occasion the cause was submitted on briefs without oral argument, but the facts are set forth at length in the opinion and need not to be here repeated. A rehearing was granted, and oral arguments thereon have been had, solely upon the subject of the construction of the pleadings, to which subject the present discussion will for the most part be confined.

At the time of the former decision we were united in opinion that if by the pleadings themselves or by the admissions of fact contained therein, the defendant, plaintiff in error, had waived formal notice of the accident, to obtain indemnity for which the action was brought, the judgment of the district court ought to be affirmed. The petition anticipates that failure to give such notice might, and perhaps would, be relied upon as a defense to the action, and pleads as an excuse therefor total mental and

physical disability as a consequence of and immediately following the accident continuously for a term extending beyond the period within which the notice was by the contract required to be given. But it further alleges that within that period a vice-president of the defendant called upon the plaintiff at his home where the latter was suffering from the disability complained of, "and plaintiff notified said vice-president of said company, and said company of said accident." It is insisted by the defendant that this latter allegation is inconsistent with and in effect a retraction of the former, but we think that such would be a too literal and technical construction. No attack was made upon the petition by motion or otherwise, and it is the settled rule of this court, sanctioned by decisions so numerous that citation of them is not requisite, that after a verdict and judgment, pleadings will be liberally construed for the purpose of upholding the result reached by the court and jury. It is obvious to our minds that what the pleader had in view and intended to allege was that the defendant, by the visit of one of its managing officers within a week after the happening of the accident, and by what the latter learned upon such visit by his observation of and conversation with the plaintiff, became aware and charged with notice and knowledge of the occurrence. It was in substantiation of the allegation as so interpreted that evidence was offered by the plaintiff and admitted on the trial, and we think that it is too late, after verdict, to object that such is not its true meaning. The above mentioned allegation in the preceding paragraph of the petition is in the following language:

That the accident "caused a hemorrhage of the brain, causing complete disability of the plaintiff, and from the effects thereof plaintiff became totally disabled, mentally and physically, helpless and nearly blind; was confined to his bed for nearly six months, and wholly unable to work, travel, or perform his business, or to personally visit or notify said company at Omaha, Nebraska."

We think these two allegations, the one following immediately after the other, ought, at any rate after verdict, to be considered and construed together, and to be held to charge, in effect, that the plaintiff was disabled by the accident from giving formal notice within the 15 days stipulated in the contract, but that within that time the defendant became fully aware of it by means of the visit of its vice-president.

The petition further alleges that after the visit of the vice-president, and on an unspecified day in March, the plaintiff notified the company of the accident and demanded indemnity therefor, but that in response "to said several notices" the defendant "denied that it was liable therefor and claimed that the plaintiff was not injured by accident at all, and thereby waived and did forego all that certain portion" of the contract, "in respect to formal and technical notice and of any notice at all of said accident and is now concluded and estopped to claim any benefit or advantage thereof as to notice of any kind in these premises." The evidence shows that the pleader was mistaken as to the date of this latter mentioned notice, and that the notice referred to was the letter of the son of the insured written to the secretary of the association under date of April 8, 1902, long after the expiration of the 15-day limit. There was therefore no intentional repugnancy between this last allegation and either of the preceding. There was no motion to make more definite and certain, and it is evident that both parties interpreted the allegation as a sufficient designation of the letter disclosed in the proofs. The reply of the secretary of the association to this letter fully sustains the petition. It explicitly denies that the insured had been injured by accident, and while calling attention to the requirement of notice within 15 days, remarks that because of the absence of accident, that feature "would not be of importance."

The answer admits that the plaintiff was suffering from the malady described in the petition, but alleges that the

same was due to disease, and not to accident, and alleges "that plaintiff.has at no time given notice of any accident or accidental injury as required by said constitution and by-laws and by the contract between plaintiff and defendant." The reply avers that on or about the 26th day of April, 1902, the defendant, by a formal vote of its board of directors, "denied that plaintiff was injured by an accident; denied that defendant was liable to plaintiff for or on account of accident, well knowing of plaintiff's claim and of plaintiff's notice of same to defendant, and the defendant did thereby waive and forego all provisions of the by-laws and stipulations of the contract with reference to notice," and "is now estopped to claim any benefit or advantage thereof as to notice of any kind in the premises."

Upon mature consideration, after listening to oral argument, we are convinced that there is no necessary repugnancy between the reply and the matter above quoted from the petition. If it is true, as said in the former opinion, that there is no inconsistency between a denial of notice and a denial of the existence of anything of which notice could have been given, it is equally true that there is no serious conflict between an allegation that notice was waived and an allegation that there were circumstances within the knowledge of the parties which rendered a notice not requisite. The petition admitted in effect that a formal written notice, such as was contemplated and in most cases required by the contract, had not been given within the time specified therein, but it pleaded two excuses for the failure, or, at least, one excuse and one circumstance which rendered the formal notice not indispensable, to wit: First, that the plaintiff was disabled from giving the notice by the nature, gravity and duration of his injury, and second, that within the time limited by the contract for giving the notice, the defendant, through the visit and conversations of one of its managing officers, had an acquaintance with the precise facts, knowledge of which the notice, when given,

was designed to impart. Now, if these allegations are true, they are in no degree inconsistent with the claim that when some months later the plaintiff made a demand upon the association for indemnity, the latter regarded the question of notice, as its secretary had previously expressed it, as "not to be of importance," because, "as above stated, the association does not pay indemnity for disability except such disability as may have been caused by reason of accidental injuries," and "there seems to have been no accident in this case." Whether the reply strengthened in any degree the case made by the petition, may be doubted. The transactions of the 26th of April pleaded by it, and established by the evidence, would have been more accurately described as treating a formal notice as already waived than as constituting in themselves a waiver of one, and it is not unlikely that they might have been proved as an admission to that effect without having been especially pleaded; but however that may be, neither the pleading nor the proof of them was inconsistent with the allegations of the petition. It was held by this court in *German Ins. Co. v. Shader*, 68 Neb. 1, that it is competent for the plaintiff to anticipate a defense and plead waiver (or matter of avoidance) in his petition. This the plaintiff did, and the allegations of the reply, which the former opinion regards as an admission that no notice was given, now appear to us to be merely supplemental to and corroborative of the petition. If this view is correct, the decision in *Dwelling House Ins. Co. v. Brewster*, 43 Neb. 528, cited in the former opinion, is not in point. *German Ins. Co. v. Shader, supra,* is authority for holding that a petition and reply, in so far as they treat of the same matter, are to be construed together, and under the liberal rule above adverted to they will not be treated as in conflict with each other unless necessarily so. It does not appear that there is any necessary inconsistency in the instance under discussion.

The facts stated in the former opinion, and established

by practically undisputed evidence, are, we think, conclusive to the following effect: That within a week after the plaintiff received his injury he was visited by one of the managing officers of the defendant, and that through the latter the defendant then acquired a knowledge of the nature of the plaintiff's disability and the circumstances of its cause, or at least origin; that within about six weeks afterwards a son of the plaintiff called the matter to the attention of the defendant's secretary, by the letter of April 8, and was promptly rebuffed by the latter by an emphatic denial and repudiation of the claim that the plaintiff's disability was due to accident; and that such denial was treated as the sole ground for the rejection of the claim by the formal action of the board of directors on the 26th of the same month. The answer admits that "plaintiff was totally disabled and unable to perform any part of the duties pertaining to his usual occupation for a period of one year, beginning on the 22d day of February, 1902," the second day following the accident. Furthermore, the answer, after having affirmatively alleged that the defendant is excused from payment by section 6, article 8 of its constitution and by-laws, because the disability complained of was due to disease, concludes with the following: "Further answering said petition the defendant denies each and every allegation therein contained not hereinbefore specifically admitted," and the one important allegation of the petition not specifically or otherwise admitted is, that the disability of the plaintiff was due to accident, so that fact is put distinctly in issue.

We conclude, therefore, that the case falls clearly within both of the main principles adopted by this court in *Omaha Fire Ins. Co. v. Dierks*, 43 Neb. 473: First, that formal notice of loss was immaterial, because the company had actual notice through the presence of its agents at the fire, and acted thereon, though refusing to make payment for that reason; and, second, because the company by its pleading denied liability on the ground that

the property destroyed was incumbered by mortgage at
the time of the fire. It can, of course, make no difference
with the application of this latter rule whether the
issue of nonliability is raised by special allegation or by
general denial, or whether the absence of liability is con-
tended to be due to forfeiture, as in the case cited, or to
the nonoccurrence of the accident out of which it is al-
leged to have arisen, as in this case. In either case the
plaintiff would be driven to the expense and labor of the
trial of an issue that would be wholly immaterial in the
absence of liability for want of notice. In short, if this
court adheres to the opinion in *Omaha Fire Ins. Co. v.
Dierks, supra,* the judgment in this case must be affirmed
as in harmony therewith; but if that decision is over-
ruled, there must still be an affirmance, because, by the
opposite rule for the construction of pleadings, the reply
is not inconsistent with the petition, and the undisputed
evidence establishes the fact that the defendant repudiated
the claim on the ground that there had been no accident.

We are satisfied with the opinion in the case cited, and
recommend that it be adhered to and that the former de-
cision of this court in this case be vacated and set aside,
and the judgment of the district court affirmed.

OLDHAM, C., concurs.

By the Court: For the reason stated in the foregoing
opinion, it is ordered that the former decision of this
court be vacated and set aside, and the judgment of the
district court·

                                        AFFIRMED.

The following opinion on second motion for rehearing
was filed October 19, 1905. *Rehearing denied:*

PER CURIAM: The third paragraph of the syllabus ap-
pears to be an inaccurate statement of the law. If the in-
surance company has no notice, express or implied, of any
claim of loss until suit is begun therefor, it may un-

doubtedly answer, both that there was in fact no loss, and that the claimants never gave any notice of the alleged loss pursuant to the terms of the policy. The syllabus is modified accordingly.

The conclusion reached, however, appears to be justified on the grounds fully stated in the opinion, and the motion for rehearing is

OVERRULED.