ISABELLE MCHENRY TOMSON, APPELLEE, V. IOWA STATE TRAVELING MEN'S ASSOCIATION, APPELLANT.

FILED JANUARY 24, 1911.   No. 16,564.

1. **Insurance:** FOREIGN COMPANIES: SERVICE OF PROCESS. A foreign fraternal accident company or association may select its agents upon whom process may be served, in the manner provided in section 5, ch. 16, Comp. St. 1909; failing to do so the law converts into agents, upon whom summons may be served, any and all persons doing any of the things named in section 8, ch. 16, the performance and fruits of which acts are accepted by such company or association.

2. **Corporations:** FOREIGN CORPORATIONS TRANSACTING BUSINESS IN THE STATE. A single transaction by a foreign corporation may constitute a doing of business in this state within the meaning of the statutes of the state making certain requirements of foreign corporations conditions precedent to their doing business in the state, where such transaction is a part of the ordinary business of such corporation and indicates a purpose to carry on a substantial part of its dealings here.

3. ——: ——: ESTOPPEL. Where it appears that a foreign accident corporation is actively soliciting membership in this state, and is annually receiving a large sum of money from our citizens in the form of assessments to aid it in carrying out its contracts here and elsewhere, it will not be heard to say that it is not doing business in the state.

4. Trial: QUESTION FOR COURT. The effect of evidence given in support of and in opposition to an objection to jurisdiction, where there is no conflict in such evidence, is for the court; and it is not error to refuse to submit the same to the jury.

5. Insurance: ACTION ON POLICY: REAL PARTY IN INTEREST. Where the widow of a deceased member of a fraternal accident association is named as beneficiary in the application of such deceased member, which is in the custody of defendant, and in ignorance of the provision in her favor in such application she sues in her representative capacity as administratrix of the estate of such deceased member, and after learning of the provisions in such application continues to prosecute such action, *held* a bar to any subsequent individual claim as such beneficiary, and that such suit will be sustained as against an objection that she, in such representative capacity, is not the real party in interest.

6. ——: ——: EVIDENCE. The rule announced in *Hart v. Knights of the Maccabees of the World*, 83 Neb. 423, that "a fraternal insurance company cannot have the benefit of its by-laws and amendments thereto, in defending against a death claim, unless certified copies of such by-laws and amendments have been filed with the auditor of public accounts," applies to all fraternal insurance companies doing business in this state, whether domestic or foreign, and whether licensed to do business in the state or not.

7. ——: FRATERNAL BENEFICIARY ASSOCIATION. The character of defendant examined, as set out in the opinion, and *held* that defendant is a fraternal beneficiary association formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit, as defined in section 91, ch. 43, Comp. St. 1909.

8. ——: NOTICE OF ACCIDENT. Question re-examined, and the law announced in the second paragraph of the syllabus in *Hilmer v. Western Travelers Accident Ass'n*, 86 Neb. 285, reaffirmed.

9. Limitation of Actions: AMENDED PETITION; NEW CAUSE OF ACTION. The amended petition, upon which trial was had, compared with the original petition, and *held* no change in the cause of action; the only difference being in the amount of recovery demanded.

10. ——: ——: ——. And the original petition having been filed within five years after plaintiff's right of action upon the benefit certificate in suit accrued, a· recovery upon the amended petition is not barred by the statute of limitations.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed.*

*Sullivan & Sullivan, T. J. Doyle* and *G. L. De Lacy,* for appellant.

*Burr & Marlay, contra.*

FAWCETT, J.

From a judgment in plaintiff's favor for the death by accident of her husband, defendant appeals.

A concise statement of the accident is given in *Western Travelers Accident Ass'n v. Tomson,* 72 Neb. 661. A sufficient statement of the issues will appear in the discussion of the different assignments hereinafter considered.

We find at the very threshold of the case an objection to the jurisdiction of the court. Two reasons are assigned in support of this objection: (*a*) That no summons was ever served upon defendant, or upon any authorized agent of defendant; (*b*) that defendant was not at the time of the service of the summons, and in fact has never been, engaged in business in Nebraska. It appears that summons was served upon one Charles E. Latshaw, who was a Nebraska member of the defendant association, and who at the request of the defendant had solicited business for it, in one instance taking the application, collecting the admission fee and transmitting the application and fee to defendant company at its office in Des Moines, upon which application a certificate of membership was issued. The secretary of defendant testified: "Q. What is your process of getting new members in Nebraska? A. Our process of getting new members in Nebraska is by correspondence, requesting our membership to send us new members. Q. That is, in your notice of assessment? A. In our assess-

29

ment we always request them to get us any new members that they possibly can. Q. And you put in there a blank form of application? A. I send them a blank form of application and ask them to get their friends to join."

In the affidavit of Mr. Latshaw, introduced upon the hearing of the motion to quash the service and return of summons, he testified that with each notice of assessment he received from defendant a blank application for membership and a request from the home office that he obtain new members in said company; that this has been the invariable rule of the company since he has been a member; that he has known of a great many new members being obtained by old members through this method; that between the 20th of March and the 20th of April, 1904, he received from the company such a blank application and request, and acting thereon he solicited one Louis Klein to become a member of defendant company; that he took the blank which had been sent him, filled it out, and obtained Mr. Klein's signature thereto; that Mr. Klein gave him an order upon his employer for the $4 membership fee; that he took the order to Mr. Klein's employer, who gave him a check for the amount; that he collected the amount of the check, remitted the amount, together with application, to defendant at Des Moines, and that defendant issued to Mr. Klein a certificate of membership on that application. We think this constituted Mr. Latshaw an agent of defendant upon whom service of summons could be made. The fact that he received no compensation from defendant for soliciting business for it is immaterial. In *Taylor v. Illinois Commercial Men's Ass'n*, 84 Neb. 799, we sustained a service of summons under very similar conditions. See, also, *State v. Northwestern Endowment & Legacy Ass'n*, 62 Wis. 174; *State v. United States Mutual Accident Ass'n*, 67 Wis. 624; and *Sadler v. Mobile Life Ins. Co.*, 60 Miss. 391, in which the Mississippi court say that "an insurance company is not bound * * * by acts of a volunteer, whom it disowns, and whose services it declines, but is bound if it accepts the

fruits of his act; and, *a fortiori*, if it authorizes a person to act, it is bound by service of process on such agent. * * * Foreign companies may select their agents in the manner provided in section 1073; failing to do this the law converts into agents, upon whom process may be served, any and all persons doing any of the things named in section 1085, the performance and fruits of which acts are accepted by the company." In like manner we say that foreign companies may select their agents or representatives upon whom service of summons may be made in the manner provided in section 5, ch. 16, Comp. St. 1909, but, failing to do this, the law converts into agents, upon whom process may be served, any and all persons doing any of the things named in section 8, ch. 16, Comp. St. 1909, the performance and fruits of which acts are accepted by the company. We therefore hold that the service of summons was properly made in this case.

The second contention of defendant, that the company was not doing business in Nebraska, is equally untenable. Among the exhibits introduced in evidence upon the hearing of the objection to jurisdiction were the 23d and 24th annual reports of defendant company. The former shows that during the year from December 6, 1902, to December 5, 1903, the defendant paid accident claims to 50 Nebraska certificate holders, and the latter shows that for the next year it paid accident claims to an additional 50 residents of Nebraska. If the company were doing so fortunate a business that the assessments upon each member amounted to only $9 a year, as stated in their numerous circulars introduced in evidence, and they paid 100 accident claims in two years, it is quite apparent that it must have a large membership in this state; for it is a matter of common knowledge that only a small percentage of persons carrying accident insurance are ever so unfortunate as to be called upon to present claims against the companies in which they are insured. In the light of this record, we think it is a juggling of terms to claim that the company is not doing business in Nebraska, simply

because, in violation of our statutes, it has never complied with the law by regularly appointing agents to represent it in this state. In *John Deere Plow Co v. Wyland,* 69 Kan. 255, the first paragraph of the syllabus reads: "A single transaction by a foreign corporation may constitute a doing of business in this state within the meaning of section 1283, Gen. St. 1901, making certain requirements of foreign corporations doing business in the state, where such transaction is a part of the ordinary business of the corporation, and indicates a purpose to carry on a substantial part of its dealings here." See, also, *Pennsylvania Lumbermen's Mutual Fire Ins. Co. v. Meyer,* 197 U. S. 407.

It is next insisted that no facts are averred in the petition of a contract upon the part of the defendant to pay plaintiff $5,000, or any other sum, on account of death. The petition is not as full and explicit as it might or probably should have been. Had it been assailed by motion or demurrer, plaintiff would doubtless have been compelled to supply the defects, and, as the judgment must be reversed upon another point and the case remanded for further proceedings, they doubtless will be supplied.

It is next objected that plaintiff, as administratrix, is not the real party in interest; that the agreement of the company was to pay in case of accidental death to the beneficiary named in the application, if any, and, if none, then to the heirs of the member. The certificate of membership, which was the only document in plaintiff's possession at the time of the commencement of the action, did not disclose the beneficiary. The application, which she had never seen, was in the custody of defendant. The heirs of Mr. Tomson at the time of his decease were plaintiff herself and a son. It appears from the application of Mr. Tomson that plaintiff was named therein as beneficiary, and it is argued that for that reason she could only maintain an action in her individual name. If she had not been named in the application as beneficiary, then the certificate would have been payable to the heirs of the deceased, which in this case would have been the son. By

bringing the present action as administratrix, Mrs. Tomson has effectually foreclosed herself from ever asserting any individual right of action against the defendant, and has in effect joined the son with herself as plaintiffs. She thereby in effect assigns to the son a portion of her cause of action; and, inasmuch as she is herself prosecuting the action for the benefit of herself and the son, she has joined as plaintiffs every person who could in any event have been a beneficiary. This did not therefore prejudice any one but plaintiff herself, and defendant cannot complain. Moreover, the petition upon that point was not in any manner assailed until the commencement of the trial, when it was included in the objections to the introduction of any evidence, above set out. Up to that time defendant had recognized plaintiff, in her capacity as administratrix, as the real party in interest and the one entitled to prosecute the action. In its answer it admits her appointment and qualification as administratrix, admits the issuance of certificate to deceased and his death, and in paragraph 9 alleges that "said plaintiff as beneficiary under the contract sued on did not notify defendant of the death or make proof of death," etc.; thus by its pleading expressly recognizing plaintiff, as administratrix, as the real party in interest and the one entitled to prosecute the action.

It is next objected that the court erred in permitting plaintiff to offer segregated portions of defendant's by-laws and refusing to permit defendant to introduce the other portions. When plaintiff attempted to introduce segregated portions of a single section of the by-laws—section 2 of article 6—by putting them together, with the intervening words omitted, the court very properly sustained defendant's objection thereto. No attempt was made to otherwise prove the fact sought to be established by the evidence thus offered and excluded. This left plaintiff without evidence to establish a material ue in the case—the amount payable under the certificate or policy in suit. It follows that the verdict must fail for want of sufficient evidence to support it. In refusing to

permit defendant to introduce any part of its by-laws, the court did not err. Defendant has for years been doing a large business in the state of Nebraska; it has not only failed but refused, when requested so to do by the auditor, to comply with the laws of this state which would entitle it to admission into the state; it has not filed with the auditor its constitution, or by-laws and amendments thereto, and hence we think was not entitled to the benefit of any of the provisions of such by-laws. As applied to fraternal insurance companies, we have held in *Knights of the Maccabees of the World v. Nitsch,* 69 Neb. 372, and *Hart v. Knights of the Maccabees of the World,* 83 Neb. 423, that "a fraternal insurance company cannot have the benefit of its by-laws and amendments thereto, in defending against a death claim, unless certified copies of such by-laws and amendments have been filed with the auditor of public accounts." But it is contended by defendant that section 112, ch. 43, Comp. St. 1909, does not apply to defendant; that it is organized and doing business under a different statute. In making this assertion defendant overlooks the fact that defendant is not organized under any statute of Nebraska, nor has it been admitted to do business in this state under any statute of Nebraska. Section 91, ch. 43, Comp. St. 1909, defines a fraternal beneficiary association as follows: "A fraternal beneficiary association is hereby declared to be a corporation, society or voluntary association, formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit. Each such society shall have a lodge system, with ritualistic form of work and representative form of government." Because of the latter clause in that section defendant insists that section 112, *supra,* does not apply; but we think this contention must fail. In its answer defendant alleges that it is "an Iowa corporation, duly organized and existing under chapter 2, art. IX of the code of Iowa, and amendments thereto, as a fraternal organization or society, and is not organized for pecuniary profit." This shows it to be identically

the same kind of an association as is defined in section 91, ch. 43, *supra;* the only difference being that defendant does not allege that such society shall have a lodge system, with ritualistic form of work and representative form of government. The section of the Iowa code is not set out in full in the answer, neither was proof made thereof upon the trial. The portion of it which is alleged by defendant, being so similar in all other respects to section 91, ch. 43, *supra,* we might well be warranted in assuming that it is substantially the same throughout; but whether that be true or not, and conceding that the Iowa code does not require, and that defendant does not have, a lodge system with ritualistic form of work and representative form of government, the fact remains that it is a fraternal beneficiary corporation formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit. This brings it within the purview of our statute upon which the *Hart* and *Nitsch* cases, *supra,* are predicated. We therefore hold that, not having filed its by-laws and amendments thereto with the auditor of public accounts, as required by section 112, ch. 43, *supra,* defendant cannot have the benefit of its by-laws and amendments thereto in defending against the present action.

It is next contended that plaintiff cannot recover by reason of a failure to give notice within 15 days after the happening of the accident or the death of the assured. The reply alleges and the proof shows that on and after February 22, 1902, which was four days after the happening of the alleged accident, the deceased was totally disabled, mentally and physically, was helpless and nearly blind and confined to his bed, and was not in a condition to notify defendant of the accident; but in about two months thereafter the wife of the deceased wrote to defendant in relation to the matter. By this letter defendant was clearly apprised of the fact that the deceased was claiming a liability against it by reason of the alleged accident of February 18. In the twenty-fourth annual report of the defendant hereinbefore referred to, we find, in

the report of the general counsel of defendant, a report as to the claim of plaintiff in this case. After giving what he called the facts in the case, he said: "Investigation convinced the officers of the association that the runaway had nothing whatever to do with the ultimate disability and death of Mr. Tomson, and therefore it is disputing the claim." A former action involving this same accident was removed by defendant to the federal court, and from a judgment by default obtained by plaintiff in the district court, while said action was pending in the federal court, defendant appealed to this court and obtained a reversal. The conduct of defendant in these cases shows that it has at all times denied any liability by reason of the alleged accident of February 18, and the death of Mr. Tomson. And finally in its answer in this case it denies all liability. In the light of the physical condition of deceased after the accident, and the conduct of defendant in denying all liability, this contention of defendant cannot, under former decisions of this court, be sustained. *Hilmer v. Western Travelers Accident Ass'n,* 86 Neb. 285; *Western Travelers Accident Ass'n v. Tomson,* 72 Neb. 674. In the former of these two cases, we held: "Where a person is accidentally injured so as to render him unconscious and thereafter cloud his mind so that he cannot, within the time limited in an accident insurance policy, intelligently give notice to the insurer of such accident, he will be excused from giving the notice while so disabled." In the latter of the two cases, we held: "If an insurance company, sued for an alleged loss, denies the loss, it waives proof of notice of the same." This quotation is made from the third paragraph of the syllabus on rehearing. In passing upon a second motion for rehearing, 72 Neb. 680, we held: "The third paragraph of the syllabus appears to be an inaccurate statement of the law. If the insurance company has no notice, express or implied, of any claim of loss until suit is begun therefor, it may undoubtedly answer, both that there was in fact no loss, and that the

claimants never gave any notice of the alleged loss pursuant to the terms of the policy. The syllabus is modified accordingly." So far as this case is concerned, the modification of the third paragraph of the syllabus above quoted has no force, for in the present case defendant had notice of the claim long before the present suit was begun.

It is next contended that plaintiff is barred by the statute of limitations for the reason that her amended petition, upon which the case went to trial, was not filed until May 8, 1909, which was more than five years after the death of said Hays B. Tomson. In the trial of the case counsel for defendant offered in evidence, as exhibit O, the original petition filed in this case, for the purpose, as stated by him, of showing "that the cause of action in exhibit O was an entirely separate and distinct cause of action, a claim for total disability, and not for death. We offer it in evidence in support of the plea of the statute of limitations interposed in this case." The original petition thus offered is essentially an exact copy of the amended petition upon which the trial was had. It sets out the appointment of plaintiff as administratrix, the incorporation of defendant, the certificate in full, the payment of premiums upon the certificate, the accident of February 18, 1902, the death of Hays B. Tomson in September, 1903, and adds: "Plaintiff further alleges that the said deceased was on the said 18th and 22d day of February, 1902, permanently and totally disabled by said accident, and never recovered therefrom and died from the effects thereof, and at the date of said accident there were more than 16,000 members of said association which, under an assessment under the by-laws of said association of an amount exceeding less than $2 per member at the date of said accident, would amount to the sum of $2,500. Wherefore plaintiff prays judgment against the defendant for $2,500, together with interest thereon at the rate of 7 per cent. per annum from the 18th day of February, 1902, and costs of this action." We think the amended petition does not state a new or separate and distinct cause of ac-

tion; the only difference which can be claimed is in the prayer, which is no portion of the statement of facts required to constitute a cause of action. *Fox, Canfield & Co. v. Graves,* 46 Neb. 812; *Vila v. Grand Island E. L., I. & C. S. Co.,* 68 Neb. 222, 237. In the original petition plaintiff prays for judgment in the sum of $2,500, and in the amended petition for $5,000, evidently mistaking the measure of her recovery under the allegations contained in the original petition; but on discovery of her mistake she amended her prayer so as to recover the amount which the allegations in both petitions, if true, entitled her to.

Finally, it is objected that the verdict is not sustained by the evidence. A recovery in favor of this same plaintiff against the Western Travelers Accident Association (72 Neb. 661), for the same accident upon which she seeks recovery in this case, was sustained by this court. The evidence as to the accident will be found fully reviewed in that case and it would serve no good purpose to repeat it here. We are satisfied with the conclusion there reached, and, if the amount payable under the certificate had been shown in this case, the evidence would have been sufficient to take the case to the jury.

In the light of the conclusion we have reached, it will not be necessary to consider the alleged errors in giving and refusing instructions. The trial court in charging the jury proceeded upon the theory that the evidence before them was sufficient to sustain a verdict either way. That theory being found to be wrong, it is needless to say that the court erred in its instructions given and refused upon such theory.

For the failure of proof upon a material issue, as above noted, the judgment of the district court is reversed and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.

LETTON, J., concurs in the conclusion.