G. A. ERICSON, APPELLEE, V. MUTUAL BENEFIT HEALTH & ACCIDENT COMPANY, APPELLANT.

FILED FEBRUARY 19, 1932. No. 28111.

*Cleary, Horan & Skutt*, for appellant.

*Ritchie, Swenson & Arey, contra.*

Heard before ROSE, DEAN, GOOD and DAY, JJ., and THOMSEN, District Judge.

PER CURIAM.

This is an action by the beneficiary to recover the benefits under a policy of health and accident insurance. The insurer seeks to avoid liability for payment of the death benefit on account of the failure of the beneficiary to furnish formal proofs of loss within the time provided by the terms of the policy. At the close of the plaintiff's testimony, the defendant moved for a directed verdict. The motion was overruled and the defendant elected to stand on the motion. The plaintiff thereupon moved the court to direct a verdict in his favor, which was done, and from a judgment on said verdict the insurance company appeals.

It is the contention of the plaintiff that the insured was injured October 7 and that as a result of said injury he died about two weeks later. At the time of the injury deceased was employed in a lumber camp near West Yellow-

stone, Montana. He was taken to Rexburg, Idaho, for hospitilization on October 8. On October 11, his doctor, at the request of the insured, notified the insurance company. On October 20, the same doctor notified the insurance company that insured died that day. This seems to be sufficient notice under the policy. The policy provides that the company will furnish proof blanks to the beneficiary, which was never done. The accident occurred in a lumber camp near West Yellowstone, Montana. The insured died in a hospital in Rexburg, Idaho. He was employed by the Globe Lumber Company, the office of which is in Salt Lake City, Utah. The beneficiary lived in Sweden, a foreign country, thousands of miles away, and was notified by the doctor of his son's death. The distances involved in this case are impressive.

The principal contention of the defendant is that the proofs of loss were not filed within the time provided by the policy. The question presented is whether the proofs of loss were waived by the company. The petition of the plaintiff alleges that the insured died as a result of an accident; that he gave prompt notice to the insurance company of the fact; and that the insurance company waived the proof of loss. The answer admits the issuance of the policy, but denies each and every allegation of the petition. This was a denial of all liability under the policy. This case is clearly within the rule announced in *Western Travelers Accident Ass'n v. Tomson*, 72 Neb. 661; 72 Neb. 674; 72 Neb. 680. This court approved the rule in *Tomson v. Iowa State Traveling Men's Ass'n*, 88 Neb. 399. See, also, *Hilmer v. Western Travelers Accident Ass'n*, 86 Neb. 285. The rule is that when an insurance company which has timely notice of a claim or loss is sued upon an alleged claim and denies liability, it waives proof of loss. The judgment of the district court should be approved.

This case has been vigorously contested by the defendant. It has been necessary to take depositions in widely separated places—Santa Monica, California, Rexburg, Idaho, and Sweden. The plaintiff's attorneys were required

to and did perform an unusual amount of work in this case. This was necessitated by the resistance of the company to the claim. The trial court allowed a fee of $300. The amount of the judgment was approximately $2,342.44. There is no uniform holding of this court to the effect that attorney's fees will not exceed a certain percentage of the recovery, but each case is considered upon its merits. The record in this case is before the court and is the best evidence to support a motion for an attorney's fee. The plaintiff's attorneys are allowed as fees in this court the sum of $350, in addition to the fees allowed by the trial court.

AFFIRMED.